ACCEPTED
12-15-00005CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/14/2015 10:02:33 AM
CATHY LUSK
CLERK

EMERGENCY RELIEF REQUESTED
ORAL ARGUMENT REQUESTED

NO. _____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

1/14/2015 10:02:33 AM

CATHY S. LUSK
Clerk

# In the Court of Appeals
# Twelfth Judicial District
# Tyler, Texas

## IN RE COUNSEL FOR GOUGHNOUR, Relators

## PETITION FOR WRIT OF MANDAMUS

From the 241st District Court of Smith County, Texas

Jim E. Bullock
Texas Bar No. 00795271
Brian Casper
State Bar No. 24075563
CANTEY HANGER, LLP
1999 Bryan St.
Suite 3300
Dallas, Texas 75201
Telephone:  (214) 978-4100
Facsimile:  (214) 978-4150
jbullock@canteyhanger.com
bcasper@canteyhanger.com

Ty Beard
State Bar No. 00796181
Donald Harris
State Bar No. 00796709
Craig Daugherty
State Bar No. 05404300
BEARD & HARRIS, P.C.
100 Independence Place,
Suite 101
Tyler, Texas 75703
Telephone:  (903) 509-4900
Facsimile:  (903) 509-4908
ty@beardandharris.com
don@beardandharris.com
craig@beardandharris.com

*Attorneys for Relators*

# Identity of Parties & Counsel

*Relators*

Relators in this matter are Ty Beard, Jim E. Bullock, Brian Casper, Craig Daugherty, and Don Harris, attorneys who represent Deborah Patterson (Howard) Goughnour in the matter styled *In re the Deborah Patterson Howard Trust*, Cause No. 11-2216-C, pending before the 241st District Court of Smith County, Texas. The attorneys representing Relators are:

Jim E. Bullock
Brian Casper
CANTEY HANGER, LLP
1999 Bryan St.
Suite 3300
Dallas, Texas 75201
Telephone: (214) 978-4100
Facsimile: (214) 978-4150
jbullock@canteyhanger.com
bcasper@canteyhanger.com

Ty Beard
Donald Harris
Craig Daugherty
BEARD & HARRIS, P.C.
100 Independence Place,
Suite 101
Tyler, Texas 75703
Telephone: (903) 509-4900
Facsimile: (903) 509-4908
ty@beardandharris.com
don@beardandharris.com
craig@beardandharris.com

*Respondent*

Respondent in this matter is the Hon. Jack Skeen, Jr., presiding judge of the 241st District Court of Smith County, Texas.

### *Real Party in Interest*

The real party in interest in this matter is Robert H. Patterson, Jr., trustee of the Deborah Patterson Howard Trust. The attorneys representing the real party in interest are:

Mary C. Burdette
Brandy Baxter-Thompson
CALLOWAY, NORRIS, BURDETTE
& WEBER, PLLC
3811 Turtle Creek Blvd.,
Suite 400
Dallas, Texas 75219
Telephone: (214) 521-1520
Facsimile: (214) 521-2201
MBurdette@cnbwlaw.com
BBThompson@cnbwlaw.com

Richard H. Lottman
Gregory T. Kimmel
ALLEN♦LOTTMANN♦KIMMEL, P.C.
3805 Old Bullard Road
Tyler, Texas 75701
Telephone: (903) 534-0006
Facsimile: (903) 534-3757
Richard@allenlottmann.com
Greg@allenlottmann.com

# Table of Contents

Identity of Parties & Counsel.................................................................... i

Index of Authorities .................................................................................. iv

Statement of the Case............................................................................... vi

Statement of the Jurisdiction.................................................................... vi

Issues Presented ....................................................................................... vii

Statement of Facts .....................................................................................1

Argument & Authorities .............................................................................5

    I. Respondent Abused His Discretion .......................................................5

        A. There Was No Discovery Abuse (Issue I) .......................................6

        B. Rule 215.3 Does Not Support the Sanctions Order (Issue II)........13

        C. "Joint and Several" Sanction was an Abuse of Discretion (Issue III) .........14

        D. Award of Attorneys' Fees was an Abuse of Discretion (Issue IV) .............16

        E. Respondent Failed to Consider Lesser Sanction (Issue V) ..........17

        F. Respondent Ignored Applicable Rules of Procedure (Issue VI) ..................20

    II. Relators Have No Adequate Appellate Remedy (Issues VII-VIII).................22

        A. The Sanctions Order Exceeds Respondent's Jurisdiction.........................22

        B. Appeal is an Illusory Remedy for Relators .................................23

        C. Mandamus is Needed to Give Direction to the Law ...................25

Conclusion .................................................................................................26

Prayer ........................................................................................................27

Certification ...............................................................................................29

Certificate of Compliance .........................................................................29

Certificate of Service ................................................................................30

Appendix ...................................................................................................31

# Index of Authorities

## Cases

*American Flood Research, Inc. v. Jones*, 192 S.W.3d 581 (Tex. 2006) .... 13, 14, 18

*Approximately $14,980.00 v. State*, 261 S.W.3d 182 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ...............................................................................20

*Centennial Ins. Co. v. Commercial Union Ins. Companies*, 803 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1991, no writ) ................................................. 20, 21

*Chapa v. Garcia*, 848 S.W.2d 667 (Tex. 1992)...................................... 6, 12, 14, 15

*Dunn v. Street*, 938 S.W.2d 33 (Tex. 1997)...............................................................22

*Electronic Data Systems Corp. v. Tyson*, 862 S.W.2d 728 (Tex. App.—Dallas 1993, no writ) ...............................................................................................12

*Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688 (Tex. App.—Eastland 2009, no pet.) ...............................................................................................23

*Grunauer v. Difilippo*, 07-03-0149-CV, 2004 WL 111462 (Tex. App.—Amarillo Jan. 22, 2004, no pet.)...................................................................................7

*Hough v. Johnson*, 456 S.W.2d 775 (Tex. Civ. App.—Austin 1970, no writ) .........7

*Huie v. DeShazo*, 922 S.W.2d 920 (Tex. 1996)......................... 5, 12, 14, 15, 20, 23

*Hunt v. Heaton*, 643 S.W.2d 677 (Tex. 1982) ..................................................... 20, 21

*In re Arras*, 24 S.W.3d 862 (Tex. App.—El Paso 2000, no pet.)...........................24

*In re CompleteRx, Ltd.*, 366 S.W.3d 318 (Tex. App.—Tyler 2012, no pet.) .. 20, 21, 27

*In re Essex Insurance Co.*, 13-1006, 2014 WL 6612590 (Tex. Nov. 21, 2014) .....26

*In re Ford Motor Co.*, 12-0957, 2014 WL 2994622 (Tex. July 3, 2014)6, 17, 20, 26

*In re Ford Motor Co.*, 988 S.W.2d 714 (Tex. 1998) .................................................13

*In re GlobalSanteFe Corp.*, 275 S.W.3d 477 (Tex. 2008) .......................................27

*In re John G. & Marie Stella Kenedy Memorial Foundation*, 315 S.W.3d 519 (Tex. 2010) ...............................................................................................23

*In re Long*, 984 S.W.2d 623 (Tex. 1999)...................................................................24

*In re Masonite Corp.*, 997 S.W.2d 194 (Tex. 1999)................................................26

*In re Prudential Insurance Company of America*, 148 S.W.3d 124 (Tex. 2004) ..22, 25

*In re Rusk Energy, Ltd.*, 12-07-00245-CV, 2008 WL 257019 (Tex. App.—Tyler Jan. 31, 2008, no pet.)................................................................................. 22, 24

*In re Siemens Corp.*, 153 S.W.3d 694 (Tex. App.—Dallas 2005, no pet.) ...... 26, 27

*In re Texas Natural Resource Conservation Commission*, 85 S.W.3d 201 (Tex. 2002) ...............................................................................................24

*In re Van Waters & Rogers, Inc.*, 145 S.W.3d 204 (Tex. 2004) ............................25

*Jones v. American Flood Research, Inc.*, 218 S.W.3d 929 (Tex. App.—Dallas 2007, no pet.) ........................................................................ 13, 19

*Martin v. Khoury*, 843 S.W.2d 163 (Tex. App.—Texarkana 1992, no writ) ..........24

*Maynard v. Caballero*, 752 S.W.2d 719 (Tex. App.—El Paso 1988, writ denied) 23

*Old Republic Ins. Co. v. Edwards*, 01-10-00150-CV, 2011 WL 2623994 (Tex. App.—Houston [1st Dist.] June 30, 2011, no pet.) ................................................7

*Renfroe v. Jones & Associates*, 947 S.W.2d 285 (Tex. App.—Fort Worth 1997, writ denied) ........................................................................................................23

*Scheffer v. Chron*, 560 S.W.2d 419 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.) ............................................................................................ 20, 21

*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex. 1991) ... 6, 18, 19

*Union Carbide Corp. v. Martin*, 349 S.W.3d 137 (Tex. App.—Dallas 2011, no pet.) .......................................................................................... 19, 20

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ..................................... 5, 14, 15, 20

*Way v. Coca Cola Bottling Co.*, 119 Tex. 419, 29 S.W.2d 1067 (Comm'n App. 1930) ........................................................................................................23

**Statutes**

TEX. CIV. PRAC. & REM. CODE §41.008(c) ............................................................14

TEX. GOV'T CODE §22.201 ................................................................................. vi

TEX. GOV'T CODE §22.221 ................................................................................. vi

**Rules**

LOCAL SMITH COUNTY RULES OF CIVIL TRIAL, RULE 2.1 ......................................21

LOCAL SMITH COUNTY RULES OF CIVIL TRIAL, RULE 2.4 ......................................21

TEX. R. APP. P. 44.1(a) ......................................................................................24

TEX. R. CIV. P. 176.2 ........................................................................................10

TEX. R. CIV. P. 176.5 ..........................................................................................7

TEX. R. CIV. P. 191.2 ................................................................................... 20, 21

TEX. R. CIV. P. 205.1 ..........................................................................................8

TEX. R. CIV. P. 215.2 ........................................................................................13

TEX. R. CIV. P. 215.3 ................................................................................... 13, 23

TEX. R. EVID. 902 ...............................................................................................9

## Statement of the Case

Relators represent Deborah Patterson (Howard) Goughnour, remainder beneficiary of the Deborah Patterson Howard Trust, in the matter styled *In re the Deborah Patterson Howard Trust*, Cause No. 11-2216-C, pending before the 241st District Court of Smith County, Texas, a suit for damages involving claims that the real party in interest, Robert H. Patterson, Jr., breached his fiduciary duty as trustee of the Deborah Patterson Howard Trust. On April 22, 2014, Respondent, the Hon. Jack Skeen, Jr., presiding judge of the 241st District Court, sanctioned Relators under Texas Rule of Civil Procedure 215.3; on December 5, 2014, Respondent ordered Relators to appear before him on January 21, 2015 to show cause why they should not be held in contempt for not complying with the April 22, 2014 sanctions order. Relators seek relief from these orders.

## Statement of the Jurisdiction

The Court of Appeals has jurisdiction over this mandamus proceeding under Sections 22.201(m) and 22.221(b)(1) of the Texas Government Code.

## Issues Presented

I. Was it an abuse of discretion for Respondent to sanction Relators for conduct that is not a violation of any discovery rule or order?

II. Since Texas Rule of Civil Procedure 215.3 only permits sanctions against "parties," was it an abuse of discretion for Respondent to sanction the attorneys (who are not "parties") under this rule?

III. Without a relationship between the sanctioned conduct and four of the five Relators, was it an abuse of discretion for Respondent to sanction all five Relators *jointly and severally*?

IV. Did Respondent abuse his discretion by awarding attorney's fees without the evidence required by the Texas Supreme Court in *Long v. Griffin* and *El Apple I, Ltd. v. Olivas*?

V. Did Respondent abuse his discretion by failing to consider less stringent sanctions as required by the Texas Supreme Court in *TransAmerican Natural Gas Corp. v. Powell* and *American Flood Research, Inc. v. Jones*?

VI. Did Respondent abuse his discretion by disregarding Texas Rule of Civil Procedure 191.2 and the Smith County Local Rules?

VII. Do Relators have an adequate appellate remedy since they are not "parties" to this litigation and have no independent right of appeal, and since Respondent (despite continuing the case without any new trial setting) deliberately ordered the sanctions paid prior to final judgment and has since issued a "show cause" order?

VIII. Does Respondent's abuse of discretion constitute an exceptional case warranting mandamus review and intervention?

## Statement of Facts

In July 2011, real party in interest Robert H. Patterson, Jr., (the "Trustee") initiated the matter styled *In re the Deborah Patterson Howard Trust,* Cause No. 11-2216-C pending before the 241st District Court of Smith County, Texas (the "underlying action"), filed his resignation as trustee of the Deborah Patterson Howard Trust (the "Trust"), and requested that the Court approve his final accounting and discharge him from all liability. [R. TAB 1]. Deborah Patterson (Howard) Goughnour, the Trust's remainder beneficiary, ("Deborah") intervened and brought counterclaims against the Trustee for breach of his fiduciary duty arising out of his misusing the Trust's money to fund a speculative real estate venture, known as Bighorn Ventures III, Ltd., in which the Trustee had a personal, financial stake ("Bighorn"). [R. TAB 2].

On May 29, 2013, Craig Daugherty ("Mr. Daugherty"), one of the attorneys representing Deborah, sent an email to Janie Malone and Jerry Hill at Central Title Company seeking copies of certain documents (the "Requested Documents"). [R. TAB 5, EX. B, at 4]. Attached to this email was a document entitled "Subpoena to Appear and Produce Documents" (the "Purported Subpoena") which requested the title company's custodian of records "to produce and permit inspection and copying" of the Requested Documents in the courtroom of the 401st District Court of Smith County, Texas on June 25, 2013 or, alternatively, to produce the Requested

Documents along with a business records affidavit by May 28, 2013. [R. TAB 5, EX. A, EX. B at 4-11]. The Requested Documents concerned "real estate transactions for which Central Title Company served as the closing agent" and which involved the Trustee, entities owned by the Trustee, or entities which had conducted business with the Trust. [R. TAB 5 at 30-31, EX. A at 3]. Mr. Daugherty's email requested that Mr. Hill or Ms. Malone call him to discuss. [R. TAB 5, EX. B at 4].

Mr. Hill called Mr. Daugherty and arrangements were made for Central Title Company to voluntarily produce certain documents. [R. TAB 5 at 32-33; TAB 7 at 30-35]. Indeed, no one from Central Title Company appeared in the courtroom of the 401st District Court of Smith County, Texas on June 25, 2013 or called Mr. Daugherty to question whether such appearance was required. [R. TAB 7 at 37-39]. Instead, around the beginning of July 2013, Central Title Company began voluntarily providing the Requested Documents as Mr. Hill and Mr. Daugherty agreed. [R. TAB 5 at 32-33, EX. B at 12-14; TAB 7 at 31-32].

Subsequently, on July 8, 2013, without conferring with Deborah's counsel, the Trustee's lawyers moved to quash the Purported Subpoena and for sanctions. [R. TAB 3; TAB 5 at 35, 57; TAB 6 at 28, 31]. On July 10, 2013, Mr. Daugherty wrote the Trustee's counsel that he would retract the Purported Subpoena, serve Central Title Company with an actual subpoena for the Requested Documents and agreed that the Trustee's motion to quash would apply to this actual subpoena. [R. TAB 5, EX. C].

Additionally, he provided the Trustee's counsel with access to all of the documents which Central Title Company had thus far produced. [*Id.*]. Nonetheless, the Trustee did not withdraw his motion for sanctions.

On September 12, 2013, September 19, 2013, and November 13, 2013, the Respondent conducted a hearing on the Trustee's motion. [R. TABS 5-7]. The Trustee presented no evidence that he had been harmed or prejudiced in any way by the Purported Subpoena beyond Relators simply having received some of the Requested Documents from Central Title Company. [R. TAB 5 at 21, 37, 42-43, 47; TAB 7 at 10]. The Trustee did not offer into evidence any invoices for his attorneys' fees or other written statements showing what services were performed, which attorney performed them and at what hourly rate, when they were performed or how much time the work required.[1]

Respondent did not grant (or even rule on) the Trustee's motion to quash but nevertheless ruled that:

> "a procedure was used that in the Court's view—and certainly, y'all have a difference of opinion about—difference of opinion, but in the Court's view, a procedure was used that didn't meet the requirements of the statute. And I'll leave it at that…
>
> …the Court does find the rule was violated. The Court does find sanctions are in order. Attorney's fees are ordered for what the Court

---

[1] Respondent at one point stated "I've got the attorney fee schedule I asked for." [R. TAB 6 at 114]. And the Trustee's counsel at one point stated "we have submitted a statement for fees…." [R. TAB 7 at 70]. But no invoices or other documents supporting the testimony of the Trustee's counsel were offered or admitted into evidence.

allowed for sanctions for. It's up to the Court to try to reach what, in the Court's view, is reasonable and necessary…

…I'm going to award attorney's fees as a sanction for a violation of the rule for a total of 35 hours at $400 an hour, which is a total of $14,000…."

[R. TAB 7 at 82, 90-91]. On April 22, 2014, Respondent signed the Trustee's proposed order (the "Sanctions Order"). [R. TAB 9].

The Sanctions Order finds that Relators "prepared, signed and sent a false trial Subpoena to Central Title Company dated May 28, 2013," that Relators "sent the False Trial Subpoena in order to avoid compliance with Rules 176.2, 176.3(b), 199.2(b)(5), 200, and 205, which constitutes an abuse of the discovery process that is sanctionable under Rule 215.3," and that "an appropriate sanction" is an award of attorney's fees calculated at 35 hours at the rate of $400 per hour "which is reasonable and necessary"; it then orders Relators, jointly and severally, to pay $14,000 to the Trust no later than July 21, 2014. [*Id.*].

Relators filed their *Motion to Modify Sanction Order* on June 20, 2014 requesting that Respondent modify the Sanctions Order to defer payment until after rendition of a final judgment in the underlying action. [R. TAB 10]. Relators' *Motion to Modify Sanction Order* was submitted for consideration on July 7, 2014;[2] despite

---

[2] "Motions shall state a date of submission at which time the Motion will be considered without a hearing, unless both a request for oral argument and a response are filed. The movant shall select the date of submission which shall be no sooner than the Monday following fifteen (15) days from

passage of the submission date, Respondent has not ruled either way on Relators' request.

The trial of this cause has been continued five times, and there is now no trial setting at all. [R. TAB 7 at 103-09; TAB 12].

On September 17, 2014, the Trustee moved for an order holding Relators in contempt for failing to pay the attorneys' fees awarded under the Sanctions Order. [R. TAB 13]. On December 5, 2014, Respondent signed a show cause order requiring Relators to appear in the courtroom of the 241st District Court of Smith County, Texas on January 21, 2015 at 9:00 a.m. "to then and there show cause why [Relators] have not complied with the [Sanctions Order]." [R. TAB 14].

## Argument & Authorities

As the parties seeking mandamus relief, Relators must show that Respondent abused his discretion and that they have no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

### I. Respondent Abused His Discretion

A trial court has no discretion in determining what the law is or applying the law to the facts. *Huie v. DeShazo*, 922 S.W.2d 920, 927-28 (Tex. 1996). A clear failure by the trial court to analyze or apply the law correctly (even if the issue is one

---

the date of filing, except on leave of Court. The motion will be submitted to the Court for ruling on that date or later." LOCAL SMITH COUNTY RULES OF CIVIL TRIAL, Rule 2.3.

of first impression) constitutes an abuse of discretion. *In re Ford Motor Co.*, 12-0957, 2014 WL 2994622 (Tex. July 3, 2014); *Chapa v. Garcia*, 848 S.W.2d 667, 668 (Tex. 1992).

Imposing sanctions for discovery abuse requires the trial court, first, to find a direct relationship exists between offensive conduct and the sanction imposed and, second, to ensure the punishment fits the crime and is no more severe than necessary to satisfy its legitimate purposes of securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

Respondent both misconstrued and misapplied the law in the Sanctions Order and, therefore, abused his discretion.

## A. There Was No Discovery Abuse (Issue I)

The first prong of the *TransAmerican* test requires the court to determine whether the underlying conduct actually constitutes an abuse of the discovery process. *In re Ford Motor Co.*, 988 S.W.2d at 718. There is no discovery abuse here.

The Sanctions Order declares that Relators "sent a false trial Subpoena to Central Title Company…." [R. TAB 9, ¶¶1-2]. The Trustee argued and Respondent concluded that the Purported Subpoena abused the discovery process by requiring someone to appear at a trial or a hearing that didn't exist. [R. TAB 5 at 9, 11]. But the Purported Subpoena makes no mention whatsoever of a trial or even a hearing;

indeed, its very title is "subpoena to appear and ***produce documents***." [R. TAB 5, EX. A] (emphasis added).

In any event, the Purported Subpoena did not satisfy the requirements to be a subpoena under Rule 176;[3] it was not served by a sheriff or constable or non-party over 18 years of age, was not accompanied with a witness fee, and no return was filed with the trial court. [R. TAB 5 at 17; TAB 7 at 30-31]. Because it did not satisfy the requirements of Rule 176, it was not an enforceable subpoena. *See Hough v. Johnson*, 456 S.W.2d 775, 778 (Tex. Civ. App.—Austin 1970, no writ) (subpoena effective only if "all prerequisites to the issuance and service of the subpoena have been complied with"); *see also Old Republic Ins. Co. v. Edwards*, 01-10-00150-CV, 2011 WL 2623994 (Tex. App.—Houston [1st Dist.] June 30, 2011, no pet.) (no valid subpoena where no return filed or witness fee tendered) and *Grunauer v. Difilippo*, 07-03-0149-CV, 2004 WL 111462 (Tex. App.—Amarillo Jan. 22, 2004, no pet.) (failure to comply with Rule 176.1 made subpoena legally insufficient).

Because it was not an enforceable subpoena, its legal effect was no more than a "pretty please" and Central Title Company's compliance wholly voluntary.

---

[3] *See* TEX. R. CIV. P. 176.5 (subpoena must be served by sheriff or constable of the State of Texas, or any person who is not a party and is 18 years of age or older; must be served with fees required by law; and proof of service must be made by filing either: (1) the witness's signed written memorandum attached to the subpoena showing that the witness accepted the subpoena; or (2) a statement by the person who made the service stating the date, time, and manner of service, and the name of the person served).

Essentially, the Sanctions Order presupposes that requesting the voluntary sharing of information somehow violates the Rules—that simply asking is some unforgiveable sin. The Texas Rules of Civil Procedure provide processes for and protections from ***compelled*** disclosure and production,[4] but they do not prohibit obtaining information voluntarily shared. To interpret the Rules as Respondent has would unimaginably increase the cost of litigation since even "friendly" witnesses could not voluntarily provide evidence.

Fortunately, the Texas Supreme Court has not adopted such a costly restraint on obtaining voluntarily disclosed information from non-parties.

Rather than violating any Rule, Mr. Daugherty explained that he was seeking the voluntary production of documents together with a business records affidavit under Texas Rule of Evidence 902(10):[5]

---

[4] *See* TEX. R. CIV. P. 205.1 ("A party may ***compel*** discovery from a nonparty—that is, a person who is not a party or subject to a party's control—only by obtaining a court order under Rules 196.7, 202, or 204, or by serving a subpoena ***compelling***: (a) an oral deposition; (b) a deposition on written questions; (c) a request for production of documents or tangible things, pursuant to Rule 199.2(b)(5) or Rule 200.1(b), served with a notice of deposition on oral examination or written questions; and (d) a request for production of documents and tangible things under this rule") (emphasis added).

[5] "*Records or photocopies; admissibility; affidavit; filing.* Any record or set of records or photographically reproduced copies of such records, which would be admissible under Rule 803(6) or (7) shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7), that such records attached to such affidavit were in fact so kept as required by Rule 803(6) or (7), provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records

a form of a witness subpoena was drawn up and was sent to the records custodian—not served on the records custodian, not physically served, no witness fee attached, simply sent to the records custodian along with a business records affidavit. And they were given a choice; you can comply with the request for production of documents, voluntarily through the business records affidavit … if we have to we'll subpoena the records. It's your choice. The subpoena, it's important to understand, was never being used to force production of documents. It wasn't worth the paper it was typed on.

[R. TAB 5 at 28]. Texas Rule of Evidence 902 supports a process for obtaining business records via voluntary production without the need for subpoena, deposition or deposition on written questions. [APPX. TAB C; R. TAB 8 at 2-4]. Indeed, the process embodied in Rule of Evidence 902 does not require prior notice of the request to the opposing party but only requires that notice of the intent to use the documents be served on the opposing party at least two weeks prior to trial. TEX. R. EVID. 902(10)(a).

Rather than violating any Rule, the process utilized by Mr. Daugherty *is permitted by* a Rule (*i.e.*, Texas Rule of Evidence 902). In fact, this "pretty please" request for the voluntary production of documents under a Rule 902 affidavit— whereby the draft "subpoena" is mailed, faxed, or emailed to a records custodian

---

and affidavit, which notice shall identify the name and employer, if any, of the person making the affidavit and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying. The expense for copying shall be borne by the party, parties or persons who desire copies and not by the party or parties who file the records and serve notice of said filing, in compliance with this rule. Notice shall be deemed to have been promptly given if it is served in the manner contemplated by Rule of Civil Procedure 21a fourteen days prior to commencement of trial in said cause." TEX. R. EVID. 902(10)(a).

with instructions regarding voluntarily providing documents (including, in some cases, a Rule 902 business records affidavit) but ***is not served*** under Rule 176.5(a) unless the records custodian's policy or procedure requires it—is a very common practice in Texas, being sent hundreds of times (or more) each day. [R. TAB 6 at 22-23; APPX. TAB E].[6] Central Title Company did not require service of a subpoena; it ***voluntarily*** produced the Requested Documents.

Moreover, the Purported Subpoena itself contradicts the Sanctions Order's finding of an attempt to "avoid compliance with Rules 176.2, 176.3(b), 199.2(b)(5), 200 and 205." Had the Purported Subpoena been an attempt to ***compel*** Central Title Company's production of documents, it would absolutely have been permitted by Rules 176.2 and 176.3(b), because it would have required Central Title Company "to produce and permit inspection and copying…of documents or tangible things in their possession, custody or control," and by Rules 205.1(d) and 205.3(b), which specifically permit the use of subpoenas to compel production of documents from non-parties.[7] Rules 199.2(b)(5) and Rule 200—which govern production of

---

[6] Respondent requested that Mr. Daugherty brief the Rule 902 business records affidavit procedure for him. [R. TAB 6 at 113]. Mr. Daugherty's detailed brief of Rule 902 business records affidavit practice is set forth in the Record. [R. TAB 8].

[7] *See* TEX. R. CIV. P. 176.2 ("A subpoena must command the person to whom it is directed to do ***either or both*** of the following: (a) attend and give testimony at a deposition, hearing, or trial; (b) ***produce and permit inspection and copying of designated documents or tangible things in the possession, custody, or control of that person***.") (emphasis added); TEX. R. CIV. P. 176.3(b) ("A subpoena may not be used for discovery to an extent, in a manner, or at a time other than as provided by the rules governing discovery."). TEX. R. CIV. P. 205.1(d) ("A party may compel

documents at a deposition and the process for deposition on written questions, respectively—are not even applicable;[8] Mr. Daugherty's email was neither a deposition notice nor a request that Central Title Company submit to a deposition on written questions.

So, the Sanctions Order could not be based on a violation of Rules 199.2 or 200, because they are inapplicable. And, even had the Purported Subpoena been an enforceable subpoena, the Sanctions Order could not be based on Rules 176.2, 176.3(b), 205.1(d) or 205.3(b), because they authorize the discovery of documents from third parties via subpoena. In any event, the Sanctions Order cannot be based on any alleged attempt by Relators to "avoid compliance with Rules 176.2, 176.3(b), 199.2(b)(5), 200, and 205," because there was no enforceable subpoena or attempt to serve one—these Rules simply do not apply to the Purported Subpoena.

---

discovery from a nonparty … by serving a subpoena compelling … a request for production of documents and tangible things under this rule."); TEX. R. CIV. P. 205.3(b) ("The notice must state: (1) the name of the person from whom production or inspection is sought to be compelled; (2) a reasonable time and place for the production or inspection; and (3) the items to be produced or inspected ….").

[8] "A notice of intent to take an oral deposition must be served on the witness and all parties a reasonable time before the deposition is taken…A notice may include a request that the witness produce at the deposition documents or tangible things within the scope of discovery and within the witness's possession, custody, or control. If the witness is a nonparty, the request must comply with Rule 205 and the designation of materials required to be identified in the subpoena must be attached to, or included in, the notice. The nonparty's response to the request is governed by Rules 176 and 205. When the witness is a party or subject to the control of a party, document requests under this subdivision are governed by Rules 193 and 196." TEX. R. CIV. P. 199.2(a), (b)(5). "A party may take the testimony of any person or entity by deposition on written questions before any person authorized by law to take depositions on written questions." *Id*., 200.1(a), *et seq*.

Respondent and the Trustee relied on *Electronic Data Systems Corp. v. Tyson*, 862 S.W.2d 728 (Tex. App.—Dallas 1993) for the proposition that using a subpoena with a non-existent trial date to acquire documents from a non-party constituted an abuse of discovery under Rule 215. [R. Tab 5 at 10]. Their reliance is misplaced. In *Electronic Data Systems Corp. v. Tyson*, the trial court's sanctions were **overturned**, because the Dallas Court of Appeals found that "the trial court's actions do not meet the *TransAmerican* criteria" and that "the trial court abused its discretion…." *Electronic Data Systems Corp. v. Tyson*, 862 S.W.2d 728, 738-39 (Tex. App.—Dallas 1993, no writ).

To summarize, the Sanctions Order is based on Respondent's determination that emailing a legally unenforceable request to voluntarily provide documents violated—and revealed Relators' attempt to avoid complying with—inapplicable rules, all based on a prior trial court's ruling that was reversed by the court of appeals. "Because the record does not support the trial court's finding that [Relators'] conduct was an abuse of the discovery process…the trial court's sanction order was not just." *In re Ford Motor Co.*, 988 S.W.2d at 718. And Respondent's erroneous application of the law constitutes an abuse of discretion and a failure of the first *TransAmerican* prong. *In re Ford Motor Co.*, 2014 WL 2994622; *Huie*, 922 S.W.2d at 927-28; *Chapa*, 848 S.W.2d at 668; *Walker*, 827 S.W.2d at 840; *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917.

**B. Rule 215.3 Does Not Support the Sanctions Order (Issue II)**

When a sanctions order names a specific rule or tracks a rule's language, the appellate court is confined to determining whether sanctions are proper under that rule alone. *American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583-84 (Tex. 2006). Here, the Sanctions Order purports to punish Relators for "an abuse of the discovery process that is sanctionable under Rule 215.3." [R. TAB 9, ¶2].

However, Rule 215.3 applies only where "the court finds *a party* is abusing the discovery process." TEX. R. CIV. P. 215.3 (emphasis added). Rule 215.3 does not provide a basis for sanctioning *counsel*. *Compare* TEX. R. CIV. P. 215.3 (trial court may sanction "a party" for abusing the discovery process) *with* TEX. R. CIV. P. 215.2(b)(2), (8) (trial court may sanction a party "or the attorney advising him" for disobeying a discovery order); *see In re Ford Motor Co.*, 988 S.W.2d 714, 720-21 (Tex. 1998) ("When a trial court finds that *a party* has abused the discovery process, Rule 215(3) authorizes a trial court to impose an appropriate sanction…under Rule 215, the trial court must predicate its award of attorney's fees on a *party's* abuse of the discovery process") (emphasis added); *see also Jones v. American Flood Research, Inc.*, 218 S.W.3d 929, 930 (Tex. App.—Dallas 2007, no pet.) (concluding on original submission that the trial court abused its discretion by sanctioning counsel under Rule 215.3 because it did not find that a *party* abused the discovery process) (referencing *Jones v. American Flood Research, Inc.*, 153 S.W.3d 718, 724

(Tex. App.—Dallas 2005) *review granted, judgment rev'd*, 192 S.W.3d 581 (Tex. 2006)).

Because the Sanctions Order imposed a sanction on counsel under a rule which does not provide for sanctioning counsel, Respondent failed to apply the law correctly, which is an abuse of discretion. *In re Ford Motor Co.*, 2014 WL 2994622; *Huie*, 922 S.W.2d at 927-28; *Chapa*, 848 S.W.2d at 668; *Walker*, 827 S.W.2d at 840.[9]

## C. "Joint and Several" Sanction was an Abuse of Discretion (Issue III)

The first *TransAmerican* prong also requires the trial court to ensure that any sanction be imposed only on the person engaging in the offending conduct. *American Flood Research, Inc.*, 192 S.W.3d at 583. The Sanctions Order declared that "Craig M. Daugherty, Ty Beard, Donald Harris, Jim E. Bullock and Brian Casper…prepared, signed and sent a false trial Subpoena to Central Title

---

[9] In his motion for sanctions, the Trustee also complained that Relators sought his removal as trustee "without citing, or having, any legal authority for such relief" and made "false and groundless accusations…[of] criminal charges." [R. TAB 3, ¶¶17-18]. On the contrary, Respondent correctly conducted a hearing under Section 113.082 of the Texas Trust Code (cited by Relators) regarding the Trustee's removal via interlocutory order. [R. TAB 15 at 32-48]. And the "false and groundless accusations…[of] criminal charges" are specifically authorized as allegations to avoid the limitation on punitive damages under Section 41.008 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §41.008(c) ("This section does not apply to a cause of action against a defendant from whom a plaintiff seeks recovery of exemplary damages based on conduct described as a felony in the following sections of the Penal Code if, except for Sections 49.07 and 49.08, the conduct was committed knowingly or intentionally: … (10) Section 32.45 (misapplication of fiduciary property or property of financial institution)"); *see also* R. TAB 2 at ¶69, TAB 16 at 5-6.

Company…" and attempted to "avoid compliance with Rules 176.2, 176.3(b), 199.2(b)(5), 200, and 205…." [R. TAB 9, ¶¶1-2]. However, there simply is no legally sufficient (or even credible) evidence in the record that Ty Beard, Donald Harris, Jim E. Bullock or Brian Casper participated in preparing, signing or sending any "false trial Subpoena to Central Title Company." In addition to the fact that the Purported Subpoena simply was not a "false trial subpoena," it was not signed by Ty Beard, Donald Harris, Jim E. Bullock or Brian Casper, and the email to Central Title Company was not sent by Ty Beard, Donald Harris, Jim E. Bullock or Brian Casper. [R. TAB 5, EX. B at 4-11].

Absent evidence that they prepared or signed the Purported Subpoena or emailed it to Central Title Company, the Sanctions Order fails to establish a direct relationship between the sanction and any improper conduct by Ty Beard, Donald Harris, Jim E. Bullock and Brian Casper. Sanctioning them "jointly and severally" therefore, is contrary to the law's prescription. *American Flood Research, Inc.*, 192 S.W.3d at 583; *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917. And Respondent's misapplying the law constitutes an abuse of discretion. *In re Ford Motor Co.*, 2014 WL 2994622; *Huie*, 922 S.W.2d at 927-28; *Chapa*, 848 S.W.2d at 668; *Walker*, 827 S.W.2d at 840.

## D. Award of Attorneys' Fees was an Abuse of Discretion (Issue IV)

A party applying for an award of attorney's fees must provide sufficient evidence supporting the request before the court can make a meaningful review and ruling. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761-64 (Tex. 2012). Sufficient evidence includes, at a minimum, evidence "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required"; indeed, without any evidence of the time spent on specific tasks, the trial court has insufficient information to meaningfully review the fee request. *Long v. Griffin*, 11-1021, 2014 WL 1643271 (Tex. Apr. 25, 2014). Moreover, the request should be supported by "contemporaneous billing records or other documentation recorded reasonably close to the time when the work is performed." *El Apple I, Ltd.*, 370 S.W.3d at 762-63.

The Sanction Order merely states that Relators should reimburse the Trust for the Trustee's attorneys "preparing and filing the Motion for Sanctions as well as preparing for and attending three (3) hearings on the Motion for Sanctions…calculated at thirty-five (35) hours at the rate of $400 per hour, which is reasonable and necessary…." [R. TAB 9, ¶¶3-4]. The only evidence presented to the trial court consisted of general, summary testimony by the Trustee's counsel opining that more than $20,000 was "reasonable and necessary." [R. TAB 5 at 22-23; TAB 7 at 70-71, 89]. No written statements or invoices showing "the services performed,

who performed them and at what hourly rate, when they were performed, and how much time the work required" were introduced into evidence. This summary testimony without the detailed evidence indicating the time expended on specific tasks simply was not legally sufficient evidence to support Respondent's award of attorneys' fees. *Long*, 2014 WL 1643271.

Moreover, the Sanctions Order was not supported by any (much less legally sufficient) evidence "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required" or "contemporaneous billing records or other documentation recorded reasonably close to the time when the work is performed"—both required by the Texas Supreme Court for an award of attorney's fees. *Long*, 2014 WL 1643271; *El Apple I, Ltd.*, 370 S.W.3d at 762-64. In fact, despite two of the attorneys stating they billed at a lower rate, the Sanctions Order awards fees at $400 per hour without any (much less legally sufficient) evidence of which attorney provided which service. Simply put, Respondent's granting *any* attorney's fees based on the evidence before him disregarded the Texas Supreme Court's mandate and was an abuse of discretion. *In re Ford Motor Co.*, 2014 WL 2994622; *Walker*, 827 S.W.2d at 840.

### E. Respondent Failed to Consider Lesser Sanction (Issue V)

In rendering sanctions, the trial court must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote

compliance. *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917-18; *American Flood Research, Inc.*, 192 S.W.3d at 583. Respondent did not.

While the evidence unquestionably shows that Mr. Daugherty immediately offered an accommodation upon learning of the Trustee's concerns (arguably requiring less than one hour of time for the Trustee's counsel to confer with Mr. Daugherty), [R. TAB 5 at 51, 54-55, 57-58, 64-65, EX. C; TAB 6 at 29-30; TAB 7 at 90-91], the record shows that Respondent did not consider anything other than awarding nearly the full amount of attorneys' fees sought by the Trustee's counsel. [R. TAB 5 at 41-44, 62-63, 66-68; TAB 6 at 48; TAB 7 at 76].

Rather, the situation here is much the same as in *Union Carbide Corporation v. Martin*, 349 S.W.3d 137 (Tex. App.—Dallas 2011):

> [I]t is uncontroverted that Martin's counsel did not contact Union Carbide's counsel to confer regarding Martin's opposition to the subpoena duces tecum prior to filing the motions to quash the subpoena duces tecum, for protective order, and for sanctions. The local rules of the Dallas County civil district courts specifically require that prior to filing a motion, "counsel for the potential movant shall personally attempt to contact counsel for the potential respondent" in an effort to resolve disputed matters...Further, the rules of civil procedure require a certificate of conference on all discovery motions or requests for hearings related to discovery…Martin's June 15, 2009 motions, including his motion for sanctions, did not contain a certificate of conference. Martin's counsel admitted that he failed to confer with counsel for Union Carbide prior to filing the motions. The record is also uncontroverted that once Union Carbide became aware of Martin's objections to Union Carbide's discovery and the motions filed by Martin, Union Carbide repeatedly attempted to reach Martin's counsel regarding Martin's objections to the discovery and to advise Martin's

counsel that Union Carbide was willing to withdraw the subpoena duces tecum.

*Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 146-48 (Tex. App.—Dallas 2011, no pet.).  In this case, it is uncontroverted that the Trustee's counsel did not confer with Relators prior to filing the motion for sanctions, that such conference was required by the Smith County local rules prior to a hearing on any motion for sanctions, [APPX. TAB D, §2.1], and that Mr. Daugherty promptly contacted the Trustee's counsel and took steps in response to the Trustee's concerns.

The conclusion here is the same which the Dallas Court of Appeals reached in *Union Carbide Corp*., that the time and expense spent by all on the Trustee's motion and hearings simply could have been avoided by the Trustee's counsel complying with Local Rule 2.1 and Texas Rule of Civil Procedure 191. *See id.*, 349 S.W.3d at 147.

And just as in *Union Carbide Corp*., neither the record nor the Sanctions Order contains a statement by the trial court that a lesser sanction would not be effective or any indication that the trial court even considered lesser sanctions. *See id*.; *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917; *Jones*, 218 S.W.3d at 932. Indeed, the Trustee presented no legally sufficient evidence (indeed, no evidence) that the Purported Subpoena caused him any actual, measurable harm that was not redressed by Mr. Daugherty's subsequent actions.

Accordingly, the same as in *Union Carbide Corp.*, Respondent disregarded the requirements of the Texas Supreme Court which constituted an abuse of discretion. *In re Ford Motor Co.*, 2014 WL 2994622; *Huie*, 922 S.W.2d at 927-28; *Walker*, 827 S.W.2d at 840; *Union Carbide Corp.*, 349 S.W.3d at 148.

### F. Respondent Ignored Applicable Rules of Procedure (Issue VI)

A trial court's clear failure to apply the law correctly constitutes an abuse of discretion. *In re CompleteRx, Ltd.*, 366 S.W.3d 318, 321 (Tex. App.—Tyler 2012, no pet.). Accordingly, a trial court may not completely disregard rules governing trials. *Hunt v. Heaton*, 643 S.W.2d 677, 678 (Tex. 1982); *Centennial Ins. Co. v. Commercial Union Ins. Companies*, 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ); *Scheffer v. Chron*, 560 S.W.2d 419, 421 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.). And when the language in a rule is specific and its meaning is clear, the rule is entitled to a literal interpretation. *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.)

Rule of Civil Procedure 191.2 and Smith County Local Rule 2.1 both required the Trustee's counsel to confer with Relators prior to filing the motion to quash and for sanctions, and Local Rules 2.1 and 2.4 ***specifically prohibited Respondent's consideration*** of the Trustee's motion without such conference. *See* TEX. R. CIV. P. 191.2 (discovery motions and requests for hearings "must contain" a certificate of

conference); LOCAL SMITH COUNTY RULES OF CIVIL TRIAL, RULE 2.1, 2.4 (court will not consider a motion for sanctions absent certificate of conference; clerk of the court is directed not to submit opposed motions without certificate of conference).[10]

There is no question that the Trustee's counsel did not confer with Relators prior to filing the motion for sanctions. There is no question that Respondent proceeded to hear, consider and rule on the Trustee's motion despite the lack of such conference. And there is no question that these actions violated the clear language of both the Rules of Civil Procedure and the Local Rules of Smith County. In other words, Respondent completely disregarded both the Texas Rules of Civil Procedure and the Local Rules of Smith County and, thus, abused his discretion. *Hunt*, 643 S.W.2d at 678; *In re CompleteRx, Ltd.*, 366 S.W.3d at 321; *Centennial Ins. Co.*, 803 S.W.2d at 482; *Scheffer*, 560 S.W.2d at 421.

---

[10] "All discovery motions or requests for hearings relating to discovery must contain a certificate by the party filing the motion or request that a reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed." TEX. R. CIV. P. 191.2. "Before filing a motion, counsel for a moving party must confer or certify that a reasonable effort has been made to confer with the counsel, if known, of all parties affected by the requested relief to determine whether or not the contemplated motion will be opposed. ***Such a conference is required for all motions*** except motions to dismiss the entire action, motions to quash, motions for protection, temporary restraining orders, motions for judgment on the pleadings, motions for summary judgment, and motions for new trial…***If a motion*** to compel or ***for sanctions is sought, the Court will not consider the motion*** unless the movant certifies that the movant has conferred with or made a reasonable effort to confer with opposing counsel in an effort to resolve the dispute without the necessity of Court intervention and that attempt has failed." LOCAL SMITH COUNTY RULES OF CIVIL TRIAL, Rule 2.1 (emphasis added). "All opposed motions must include either (i) a certificate which states that a conference was held and indicates the date of the conference and the attorneys who conferred, or (ii) a certificate explaining why it was not possible to hold the conference…***The clerk of the court is directed not to submit opposed motions to the judge unless there has been compliance with this rule.***" *Id.*, Rule 2.4 (emphasis in the original).

## II. Relators Have No Adequate Appellate Remedy (Issues VII-VIII)

Whether an appellate remedy is "adequate" requires a practical analysis rather than a formulaic approach; the term "adequate" is simply a proxy for carefully balancing use of mandamus proceedings

> to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*In re Prudential Insurance Company of America*, 148 S.W.3d 124, 136 (Tex. 2004).

### A. The Sanctions Order Exceeds Respondent's Jurisdiction

A trial court has wide latitude in managing proceedings and parties before it, but it cannot surpass the limits placed on its authority. *See Dunn v. Street*, 938 S.W.2d 33, 35 (Tex. 1997) (mandamus proper to review show cause order trial court had no jurisdiction to issue); *In re Rusk Energy, Ltd.*, 12-07-00245-CV, 2008 WL 257019, at *6 (Tex. App.—Tyler Jan. 31, 2008, no pet.), *subsequent mandamus proceeding,* 12-07-00245-CV, 2008 WL 375972 (Tex. App.—Tyler Feb. 13, 2008) (trial court's orders must be supported by sufficient evidence). Here, Respondent sanctioned Relators for conduct which was not a violation of any discovery rule or order, and he did so under a Rule which does not provide for sanctioning of counsel while disregarding Texas Supreme Court mandates and rules—all beyond

Respondent's jurisdiction. *Huie*, 922 S.W.2d at 927-28. And mandamus is proper if a trial court issues an order that exceeds its jurisdictional authority. *In re John G. & Marie Stella Kenedy Memorial Foundation*, 315 S.W.3d 519, 522 (Tex. 2010).

### B. Appeal is an Illusory Remedy for Relators

In order for an appeal to supersede the remedy by mandamus, not only must there be an actual remedy by appeal, but also the appeal provided for must be competent to afford relief on the very subject-matter of the application for mandamus, equally convenient, beneficial, and effective as mandamus. *Way v. Coca Cola Bottling Co.*, 119 Tex. 419, 429-30, 29 S.W.2d 1067, 1071-72 (Comm'n App. 1930). While Rule 215.3 states than a sanctions order "shall be subject to review on appeal from the final judgment," TEX. R. CIV. P. 215.3, that, however, is an illusory remedy for Relators.

First, Relators have no independent right of appeal. Relators are Deborah's attorneys and not "parties" to the underlying action. *See Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688 (Tex. App.—Eastland 2009, no pet.) (attorney is representative of party to the litigation); *Maynard v. Caballero*, 752 S.W.2d 719 (Tex. App.—El Paso 1988, writ denied) (attorney acts on behalf of his client); *Renfroe v. Jones & Associates*, 947 S.W.2d 285 (Tex. App.—Fort Worth 1997, writ denied) (attorney represents client in the litigation). This distinction deprives Relators of an independent right to appeal the Sanctions Order. *In re Arras*, 24

S.W.3d 862, 864 (Tex. App.—El Paso 2000, no pet.) ("Since Arras is not a party to this action, she could not appeal from a judgment in the case."); *Martin v. Khoury*, 843 S.W.2d 163, 165 (Tex. App.—Texarkana 1992, no writ) ("They are not parties to this action and therefore could not appeal from a judgment in the case.").

Second, there is no trial date. Indeed, Respondent continued the trial of the underlying cause for the *fifth* time over a year ago with no resetting. [R. TAB 7 at 103-09; TAB 12]. Yet Respondent deliberately set payment under the Sanctions Order to occur **before** final judgment in this case could be rendered. [R. TAB 7 at 92-94]. So Relators face the loss of their money and damage to their professional reputations, all for conduct which is not sanctionable, without any certainty they will be afforded an opportunity to appeal—this is no adequate remedy. *See In re Rusk Energy*, 2008 WL 257019 (no adequate remedy by appeal where deprivation of bond money during trial without any likelihood of recovering damages for its loss of use). Moreover, it is questionable whether the errors of the Sanctions Order could be corrected on appeal from a final judgment absent a showing it "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a); *see In re Rusk Energy*, 2008 WL 257019 at *6.[11]

---

[11] *See also In re Texas Natural Resource Conservation Commission*, 85 S.W.3d 201 (Tex. 2002) (mandamus available to remedy TRO that violates time limitations); *In re Long*, 984 S.W.2d 623 (Tex. 1999) (mandamus available to review civil contempt order).

Relators thus have no adequate appellate remedy; they are left with either mandamus review of the Sanctions Order or no review at all. The Sanctions Order creates a situation that cannot be corrected on appeal and thus makes an appeal inadequate. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 204, 211 (Tex. 2004) (an appeal is inadequate when an appellate court cannot cure the error). Hence, the remedy under Rule 215.3 is purely "abstract or formulaic," and denying mandamus review of the Sanctions Order would require the Court of Appeals "to turn a blind eye to blatant injustice." *In re Prudential*, 148 S.W.3d at 136.

### C. Mandamus is Needed to Give Direction to the Law

Intervention by the Court of Appeals is necessary "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential*, 148 S.W.3d at 136.

If the attempt to obtain potentially admissible evidence through voluntary production of documents and a Rule 902 business records affidavit violates the Texas Rules of Civil Procedure, then a systemic problem exists—a conflict between the rules of procedure and the rules of evidence—that should be addressed so Texas judges and lawyers alike have this "needed and helpful direction."

If, however, the process utilized by Mr. Daugherty and countless other practitioners does not offend the Texas Rules of Civil Procedure, then the Sanctions Order was issued "with such disregard for guiding principles of law"—Texas

Supreme Court precedent, the Texas Rules of Civil Procedure, and the Local Rules of Smith County—that "the harm…becomes irreparable," *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (internal quotations omitted), making this an exceptional case warranting mandamus review. S*ee In re Ford Motor Co.*, 2014 WL 2994622 ("[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ.").

In short, mandamus review here is essential to preserve Relators' important substantive and procedural rights from impairment and loss and to give needed and helpful direction to Respondent in applying the law. *See In re Siemens Corp.*, 153 S.W.3d 694, 699 (Tex. App.—Dallas 2005, no pet.) (discussing elements of "an exceptional case"). Mandamus relief is appropriate here "to spare the parties and the public the time and money spent on fatally flawed proceedings." *In re Essex Insurance Co.*, 13-1006, 2014 WL 6612590, at *3 (Tex. Nov. 21, 2014).

## <u>Conclusion</u>

The Sanctions Order purports to punish Relators for conduct which does not constitute an abuse of the discovery process, contradicts the evidence presented to the trial court, disregards controlling law and applicable rules, and puts Relators in a position where they have no adequate remedy by appeal. This is a case where "mandamus relief will safeguard important substantive and procedural rights from

impairment or loss…[and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments," thereby justifying the review and relief sought by Relators. *In re GlobalSanteFe Corp.*, 275 S.W.3d 477, 483 (Tex. 2008); *In re ComplexRx, Ltd.*, 366 S.W.3d at 321; *In re Siemens Corp.*, 153 S.W.3d at 699.

## Prayer

WHEREFORE, premises considered, Relators respectfully request that the Court of Appeals issue a writ of mandamus ordering Respondent to vacate the Sanctions Order; and Relators respectfully request such other and further relief to which they are justly or equitably entitled.

Respectfully submitted,
BEARD & HARRIS, P.C.
& CANTEY HANGER, LLP

By:_____*/s/ Jim E. Bullock*_____

Ty Beard
State Bar No. 00796181
Donald Harris
State Bar No. 00796709
Craig Daugherty
State Bar No. 05404300
BEARD & HARRIS, P.C.
100 Independence Place,
Suite 101
Tyler, Texas 75703
Telephone: (903) 509-4900
Facsimile: (903) 509-4908
ty@beardandharris.com

don@beardandharris.com
craig@beardandharris.com

Jim E. Bullock
Texas Bar No. 00795271
Brian Casper
State Bar No. 24075563
CANTEY HANGER, LLP
1999 Bryan St.
Suite 3300
Dallas, Texas 75201
Telephone:  (214) 978-4100
Facsimile:  (214) 978-4150
jbullock@canteyhanger.com
bcasper@canteyhanger.com

*Attorneys for Relators*

## Certification

The undersigned person filing this Petition for Writ of Mandamus certifies that he has reviewed the petition and concluded that every factual statement therein is supported by competent evidence included in the Appendix or the Record and swears that the documents attached at Tabs 2, 4, 8, 11 and 16 in the Record are true and correct copies of documents filed with the trial court, that the January 9, 2015 register of actions attached at Tab 12 in the Record is a true and correct copy of the trial court's register of actions obtained by the undersigned via judicial.smith-county.com, and that the document attached at Tab D of the Appendix is a true and correct copy of the Local Smith County Rules of Civil Trial obtained by the undersigned via www.smith-county.com/Courts/LocalRulesofCivilTrial.pdf.

_____
Jim E. Bullock

Subscribed and sworn to before me the undersigned Notary Public on this 13th day of January, 2014.

KAREN S. PARHIZI
Notary Public
State of Texas
My Comm. Expires 12-21-2015

_____
NOTARY PUBLIC

## Certificate of Compliance

This document complies with the form requirements of Texas Rule of Appellate Procedure 9.4 and contains 6,294 words (except for those items excluded by Rule 9.4(h)(1)).

Dated: January 13, 2015

_____
/s/ Jim E. Bullock
Attorney Certifying

## Certificate of Service

The undersigned certifies that, on this day, a copy of the foregoing and the Appendix attached hereto was served in accordance with Texas Rules of Appellate Procedure 6.3 and 9.5, as follows:

(a)　　on Respondent by and through Denise Langston, Civil Court Coordinator for the 241st District Court, via e-mail to dlangston@smith-county.com and via certified mail;

(b)　　on Robert H. Patterson, Jr., the real party in interest, by and through his counsel of record in the underlying action, Mary C. Burdette (via e-mail to mburdette@cnbwlaw.com) and Brandy Baxter-Thompson (via e-mail to bbthompson@cnbwlaw.com) of CALLOWAY, NORRIS, BURDETTE & WEBER, PLLC, and Richard H. Lottmann (via e-mail to Richard@allenlottmann.com) and Gregory T. Kimmel (via e-mail to Greg@allenlottmann.com) of ALLEN♦LOTTMANN♦KIMMEL, P.C., as well as via certified mail sent to CALLOWAY, NORRIS, BURDETTE & WEBER, PLLC, Attn: Mary C. Burdette, 3811 Turtle Creek Blvd., Suite 400, Dallas, Texas 75219, and to ALLEN♦LOTTMANN♦KIMMEL, P.C., Attn: Richard Lottmann, 3805 Old Bullard Road, Tyler, Texas 75701;

and that courtesy copies were served on the other parties who have appeared in the underlying matter as follows:

(c)　　on Nina Ruth Patterson Harris by and through her counsel of record in the underlying action, Deron R. Dacus (via e-mail to DDacus@dacusfirm.com) of THE DACUS FIRM, P.C.; and

(d)　　on Dean Bailey by and through his counsel of record in the underlying action, David M. Pruessner (via e-mail to DPruessner@higierallen.com) of HIGIER ALLEN & LAUTIN, P.C.

Dated:  January 13, 2015　　　　　　　　　　　　/s/ Jim E. Bullock
　　　　　　　　　　　　　　　　　　　　　　　Attorney Certifying

## <u>Appendix</u>

Tab A:        Order Granting Motion for Sanctions

Tab B:        Texas Rule of Civil Procedure 215.3

Tab C:        Texas Rule of Evidence 902

Tab D:        Local Smith County Rules of Civil Trial

Tab E:        Affidavit of Pam Miller

# Tab A: Order Granting Motion for Sanctions

CAUSE NO. 11-2216-C

IN RE: THE §  IN THE 241st JUDICIAL DISTRICT
 §
DEBORAH PATTERSON HOWARD §  COURT IN AND FOR
 §
TRUST §  SMITH COUNTY, TEXAS

## ORDER GRANTING MOTION FOR SANCTIONS

Came on to be heard on September 12, September 19, and November 13, 2013, Robert H. Patterson, Jr.'s Motion to Quash Subpoena and for Sanctions for Discovery Abuse ("Motion for Sanctions"). The Court, having considered the Motion, the evidence presented and having heard arguments of counsel, is of the opinion that the Motion for Sanctions should be GRANTED. The Court finds that:

1.   The attorneys for Deborah Patterson Goughnor, specifically Craig M. Daugherty, Ty Beard, Donald Harris, Jim E. Bullock and Brian Casper ("Deborah's Attorneys") prepared, signed and sent a false trial Subpoena to Central Title Company dated May 28, 2013 (the "False Trial Subpoena"). The False Trial Subpoena commanded Central Title Company to appear before this Court on June 25, 2013 at 11:00 a.m. to give testimony and provide evidence in this case. No hearing or trial was ever set for June 25, 2013, in this matter.

2.   Deborah's Attorneys sent the False Trial Subpoena in order to avoid compliance with Rules 176.2, 176.3(b), 199.2(b)(5), 200, and 205, which constitutes an abuse of the discovery process that is sanctionable under Rule 215.3.

3.   An appropriate sanction for Deborah's Attorneys' abuse of the discovery process is a monetary sanction based on the attorney's fees expended by the Deborah Patterson

Howard Trust (the "Trust") in preparing and filing the Motion for Sanctions as well as preparing for and attending the three (3) hearings on the Motion for Sanctions as authorized by Texas Rule of Civil Procedure 215.2(b)(8) (the "Monetary Sanction").

4.    The monetary sanction is calculated at thirty-five (35) hours at the rate of $400 per hour, which is reasonable and necessary to sanction Deborah's Attorneys' for their abuse of the discovery process.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Craig M. Daugherty, Ty Beard, Donald Harris, Jim E. Bullock, and Brian Casper, jointly and severally, are hereby liable to the Deborah Patterson Howard Trust (the "Trust") for the sum of $14,000. in attorney's fees and shall pay this amount to the Trust no later than July 21, 2014.

SIGNED this 22nd day of April, 2014.

_Jack Skeen, Jr._
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF SMITH

I, Lois Rogers, **District Clerk** of Smith County, Texas, do hereby **certify that** the foregoing is a true and correct **copy of the** original record, now in my lawful **custody and possession** as appears of record in Vol. _____ , Page _____ Minutes of said court on file in my office.

Witness my **official hand and seal** of office this

_____

Lois Rogers, **District Clerk**
Smith County, Texas

By_____ **Deputy**

**Tab B: T.R.C.P. 215.3**

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 9. Evidence and Discovery (Refs & Annos)
        B. Discovery
          Rule 215. Abuse of Discovery; Sanctions (Refs & Annos)

TX Rules of Civil Procedure, Rule 215.3

215.3. Abuse of Discovery Process in Seeking, Making, or Resisting Discovery

Currentness

If the court finds a party is abusing the discovery process in seeking, making or resisting discovery or if the court finds that any interrogatory or request for inspection or production is unreasonably frivolous, oppressive, or harassing, or that a response or answer is unreasonably frivolous or made for purposes of delay, then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of Rule 215.2(b). Such order of sanction shall be subject to review on appeal from the final judgment.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Aug. 5, 1998, and Nov. 9, 1998, eff. Jan. 1, 1999.

Notes of Decisions (74)

Vernon's Ann. Texas Rules Civ. Proc., Rule 215.3, TX R RCP Rule 215.3
Current with amendments received through August 15, 2014

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**Tab C: T.R.E. 902**

Vernon's Texas Rules Annotated
  Texas Rules of Evidence (Refs & Annos)
    Article IX. Authentication and Identification (Refs & Annos)

TX Rules of Evidence, Rule 902

Rule 902. Self-Authentication

Currentness

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1) Domestic Public Documents Under Seal.** A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

**(2) Domestic Public Documents Not Under Seal.** A document purporting to bear the signature in the official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

**(3) Foreign Public Documents.** A document purporting to be executed or attested in an official capacity by a person, authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification. The final certification shall be dispensed with whenever both the United States and the foreign country in which the official record is located are parties to a treaty or convention that abolishes or displaces such requirement, in which case the record and the attestation shall be certified by the means provided in the treaty or convention.

**(4) Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

**(5) Official Publications.** Books, pamphlets, or other publications purporting to be issued by public authority.

**(6) Newspapers and Periodicals.** Printed materials purporting to be newspapers or periodicals.

**(7) Trade Inscriptions and the Like.** Inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin.

**(8) Acknowledged Documents.** Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.

**(9) Commercial Paper and Related Documents.** Commercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law.

**(10) Business Records Accompanied by Affidavit.** The original or a copy of a record that meets the requirements of Rule 803(6) or (7), if the record is accompanied by an affidavit that complies with subparagraph (B) of this rule and any other requirements of law, and the record and affidavit are served in accordance with subparagraph (A). For good cause shown, the court may order that a business record be treated as presumptively authentic even if the proponent fails to comply with subparagraph (A).

(A) *Service Requirement*. The proponent of a record must serve the record and the accompanying affidavit on each other party to the case at least 14 days before trial. The record and affidavit may be served by any method permitted by Rule of Civil Procedure 21a.

(B) *Form of Affidavit*. An affidavit is sufficient if it includes the following language, but this form is not exclusive:

1. I am the custodian of records [*or* I am an employee or owner] of _____ and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

2. Attached are ___ pages of records. These are the original records or exact duplicates of the original records.

3. The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth. [*or* It is the regular practice of _____ to make this type of record at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record.]

4. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. [*or* It is the regular practice of _____ for this type of record to be made by, or from information transmitted by, persons with knowledge of the matters set forth in them.]

5. The records were kept in the course of regularly conducted business activity. [*or* It is the regular practice of _____ to keep this type of record in the course of regularly conducted business activity.]

6. It is the regular practice of the business activity to make the records.

**(11) Presumptions Under Statutes or Other Rules.** Any signature, document, or other matter declared by statute or by other rules prescribed pursuant to statutory authority to be presumptively or prima facie genuine or authentic.

**Credits**

Eff. March 1, 1998. Amended by orders of Feb. 12, 2013, and March 26, 2013, eff. March 1, 2013. Amended by orders of Supreme Court and Court of Criminal Appeals April 14, 2014, and August 19, 2014, eff. Sept. 1, 2014.

**Editors' Notes**

**COMMENT--2013**

Rule 902(10)(c) is added to provide a form affidavit for proof of medical expenses. The affidavit is intended to comport with Section 41.0105 of the Civil Practice and Remedies Code, which allows evidence of only those medical expenses that have been paid or will be paid, after any required credits or adjustments. *See Haygood v. Escabedo,* 356 S.W.3d 390 (Tex. 2011). The records attached to the affidavit must also meet the admissibility standard of *Haygood,* 356 S.W.3d at 399-400 ("[O]nly evidence of recoverable medical expenses is admissible at trial.").

**COMMENT--2014**

At the direction of the Legislature, the requirement that records be filed with the court before trial has been removed. *See* Act of May 17, 2013, 83rd Leg., R.S., ch. 560, § 3, 2013 Tex. Gen. Laws 1509, 1510 (SB 679). The word "affidavit" in this rule includes an unsworn declaration made under penalty of perjury. TEX. CIV. PRAC. & REM. CODE § 132.001. The reference to "any other requirements of law" incorporates the requirements of Sections 18.001 and 18.002 of the Civil Practice and Remedies Code for affidavits offered as prima facie proof of the cost or necessity of services or medical expenses. The form medical expenses affidavit that was added to this rule in 2013 has been removed as unnecessary. It can now be found in Section 18.002(b-1) of the Civil Practice and Remedies Code.

Notes of Decisions (767)

Rules of Evid., Rule 902, TX R EVID Rule 902
Current with amendments received through August 15, 2014

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

# Tab D: Local Smith County Rules

# LOCAL SMITH COUNTY RULES OF CIVIL TRIAL
## JUDICIAL DISTRICT COURTS AND COUNTY COURTS AT LAW
## SMITH COUNTY, TEXAS

The following local rules of civil trial are adopted for use in non-family law civil trials in the 7th Judicial District Court, 114th Judicial District Court, 241st Judicial District Court, 321st Judicial District Court, County Court at Law, County Court at Law No. 2, County Court at Law No. 3 and the County Court of Smith County, Texas.

It is ORDERED that these rules shall be published, in a manner reasonably calculated to bring the rules to the attention of attorneys practicing before the Smith County courts, on or before November 23, 1998.

These rules shall be interpreted in a manner consistent with the Texas Rules of Civil Procedure and any rule of the First Administrative Judicial Region.

The Smith County District Clerk and the Smith County Court Clerk shall make the Local Smith County Rules of Civil Trial available, upon request, for review to citizens and members of the bar.

It is ORDERED that these rules are effective beginning on April 1, 1999 or upon their approval by the Texas Supreme Court pursuant to T.R.C.P.3a, whichever occurs later.

**RULE 1.**    The objective of the Rules of Civil Trial is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law and established rules of procedural law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, the rules shall be applied to ensure that, so far as reasonably possible, all matters are brought to trial or final disposition in conformity with the rules established by the Texas Supreme Court and laws of the State of Texas.

**RULE 2.    MOTIONS.**

2.1    Certification of Conference. Before filing a motion, counsel for a moving party must confer or certify that a reasonable effort has been made to confer with the counsel, if known, of all parties affected by the requested relief to determine whether or not the contemplated motion will be opposed. Such a conference is required for all motions except motions to dismiss the entire action, motions to quash, motions for protection, temporary restraining orders, motions for judgment on the pleadings, motions for summary judgment, and motions for new trial.

The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought.

If a motion to compel or for sanctions is sought, the Court will not consider the motion unless the movant certifies that the movant has conferred with or made a reasonable effort to confer with opposing counsel in an effort to resolve the dispute without the necessity of Court intervention and that the attempt has failed.

2.2     Form.  Motions shall be in writing and shall be accompanied by a proposed order granting the relief sought.  The proposed order shall be a separate instrument.  All pleadings, motions, orders and other papers filed with the Court shall be consecutively numbered at the bottom of the page.

2.3     Submission.  Motions shall state a date of submission at which time the Motion will be considered without a hearing, unless both a request for oral argument and a response are filed.  The movant shall select the date of submission which shall be no sooner than the Monday following fifteen (15) days from date of filing, except on leave of Court.  The motion will be submitted to the Court for ruling on that date or later.

Submission date on motions for summary judgment shall be no sooner than the expiration of thirty (30) days from the date of filing of the motion for summary judgment.  A response, if any, to a motion for summary judgment shall be filed and served seven (7) days before the submission date pursuant Tex. R. Civ. Proc. Rule 166a.  However, the Court will not actually hear oral argument on a motion for summary judgment unless (i) properly requested pursuant to Local Rule 2.7., and (ii) the Court determines that oral argument will substantially aid the Court in ruling on the motion for summary judgment.  Counsel are encouraged to include citations and copies of any cases believed to be controlling as part of the motion or response.

2.4     Opposed Motions.  All opposed motions must include either (i) a certificate which states that a conference was held and indicates the date of the conference and the attorneys who conferred, or (ii) a certificate explaining why it was not possible to hold the conference.  Each contested motion must be accompanied by a separate proposed order and by a brief setting forth the movant's contentions of fact and law, unless a brief or proposed order is not required.

**The clerk of the court is directed not to submit opposed motions to the judge unless there has been compliance with this rule.**

2.5     Unopposed Motions.  All unopposed motions must be accompanied by agreed proposed orders, signed by the parties or their attorneys. Motions without opposition and their orders must be captioned "Agreed."

2.6     Responses and Replies.  Failure to respond to a motion is deemed to be a representation of no opposition unless objections are already on file.  Responses to motions must be filed at least two working days before the date of submission, be in writing and supported by authority, and be accompanied by a separate form order denying the relief sought, unless the Texas Rules of Civil Procedure provide otherwise.

2.7     Oral Argument.  The motion or response shall include a request for oral argument, if desired, in the requesting party's motion or response.  A request for an oral argument alone is not a response under Rule 2.6.

2.8     Motions for Continuance or Postponement.

(1)     All Motions for Continuance or Postponement must be filed in writing with the Court at least seven (7) days prior to the hearing in the cause, except for good cause shown, and a copy properly served upon opposing counsel or unrepresented opposing parties.

(2)     No request to continue, pass, postpone or reset any trial, pretrial or other hearing shall be granted unless counsel for all parties involved consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object.  It is discretionary with the Court as to whether or not to grant any requested continuance or postponement even if such request is unopposed.

(3)     All second or subsequent Motions for Continuance must be personally approved and signed by the client for whom a postponement is requested, or if the client is unavailable or out of state, counsel may certify that his client has been mailed a copy of the motion by certified mail, return-receipt requested with a cover letter stating in a separate paragraph in bold face type, **The postponement is being sought by (attorney's name) for (the party's name).**

**RULE 3.     PRETRIAL**.

3.1     Civil Case Joint Questionnaire

The Court orders that the Civil Case Joint Questionnaire, provided by the Smith County District or County Clerk's office, be completed and filed by the Plaintiff after conferring with all counsel and pro se parties.  The questionnaire must be filed within ninety (90) days of the date of the filing of the case.

3.2     Discovery Control Plan and Scheduling Order.  The Court will enter a discovery control plan and scheduling order which will control the course of litigation and may not be amended without leave of Court.

Level 1 Discovery Control Plan shall apply to any suit as provided by 190.2 of the Texas Rules of Civil Procedure.

Level 2 Discovery Control Plan shall apply to any suit as provided by 190.3 of the Texas Rules of Civil Procedure.

The plaintiff or defendant may certify to the Court in writing at the time of the filing

of plaintiff's pleading or the defendant's answer that the litigation is complex and should proceed under a 190.4 (Level 3) Discovery Control Order. If the Court concurs, the Court will enter a scheduling order to accommodate complex litigation as provided by 190.4 of the Texas Rules of Civil Procedure.

The Court may modify a discovery control plan at any time and shall do so when the interest of justice requires or when required under 190.5 of the Texas Rules of Civil Procedure. The date for the discovery deadline may be extended by Agreed Motion signed by all parties, so long as the proposed extension does not adversely affect the other dates or deadlines on the Scheduling Order.

3.3     <u>Exhibits.</u>

(1)     Each counsel will file a list of all potential exhibits to be offered, provide a copy to opposing counsel, and make all such exhibits available for examination by opposing counsel, and do so before the Pre-Trial Conference or at least seven (7) days before trial, whichever occurs first. The only exceptions to this rule are rebuttal exhibits which cannot be anticipated. Designation of substantially more documents than an attorney or party reasonably expects to actually introduce at trial will subject the offending party to sanctions and/or contempt of Court. Failure to comply with this rule will subject the offending party to sanctions and/or contempt of Court.

(2)     A party's production of a document in response to written discovery is self-authenticated as provided by Section 193.7 of the Texas Rules of Civil Procedure. Any counsel requiring authentication of any other exhibits not covered by Section 193.7, must so notify in writing the offering counsel at least fifteen (15) days before trial or pre-trial conference, whichever is earlier, except on leave of Court for good cause. Failure to do so is an admission of authenticity.

(3)     Any other objections to admissibility of exhibits must, where possible, be made at least fifteen (15) days before trial or pre-trial conference, whichever is earlier, except on leave of Court for good cause, and the Court notified in writing with copies to all counsel accompanied by supporting legal authorities and copies of the exhibits in dispute. All objections will normally be ruled upon by the Court prior to trial.

(4)     The offering party must pre-mark and pre-number his or her own exhibits prior to trial and must provide a list of exhibits to be offered at trial to the court reporter before jury selection.

(5)     All exhibits will be offered and received in evidence as the first item of business at the trial.

3.4     <u>Joint Pretrial Order.</u>

(1)     <u>Filing.</u> A joint pretrial order shall be filed by the Plaintiff's attorney at least fifteen (15) days before the scheduled date of trial unless specified otherwise in the

Scheduling Order.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall file a separate pretrial order with an explanation of why the joint order was not submitted.

(2)     Contents.  The pretrial order must contain; (1) a summary of the claims and defenses of each party; (2) pending motions needing resolution; (3) a statement of the stipulated facts; (4) a list of the contested issues of fact; (5) a list of those legal propositions not in dispute; (6) a list of contested issues of law; (7)  names and addresses of witnesses and each party shall designate whether the witness will testify by deposition or in person; subject to change only upon good cause affirmatively established to the Court; (8) a statement that settlement efforts have been exhausted; (9) an estimate of the length of trial; (10) the signature of each attorney; and (11) a place for the date and signature of the Court.

(3)     Video Presentations.  Attorneys proposing to use video presentations must present the page and line numbers to opposing counsel at the time assigned for the entry of the joint pretrial order.  Objections by opposing counsel must be presented to the Court and the offering attorney prior to the joint pretrial conference.  Any edited video depositions shall be presented for exhibition to opposing counsel to examine any piecemeal editing, relocation of testimony, exhibition out of context, etc. Opposing counsel shall be entitled to assert the rule of Optional Completeness and have portions of the deposition proposed by opposing counsel or the entire deposition introduced after the initial presentation unless counsel agree to have a single presentation whether edited or in its unedited entirety.  Any objections to the proposed video depositions shall be made prior to the pretrial conference and rulings will be made by the Court at the pretrial conference so that the video presentation of a party may be made uninterrupted.

(4)     Objections.  Objections to any matters set forth in the pretrial order shall be filed with the Court prior to the pretrial conference.  All such objections will be ruled upon by the Court at the pretrial conference.

3.5     Exclusion.  The parties may file, within twenty (20) days of the date of the scheduling order, an agreed motion and proposed order requesting exclusion of certain cases, i.e. collection suits, worker's compensation, simple car wrecks, slip and fall, etc., from the requirements of a joint pretrial order and pretrial conference and the Court will consider and rule upon such motion.

3.6     Pretrial Conference.  A pretrial conference will be held according to the scheduling order entered by the Court which will normally be ten (10) days prior to the case's trial setting or at such other dates as set by the trial Court.

## RULE 4.     TRIALS.

4.1     Manner of Setting.  Cases shall be set for trial by order of the Court.

4.2     Date of Setting.  Cases shall be set for trial for a date certain.  If a case is not tried by

the second Friday after the date it was set, whether because of a continuance or because it was not reached, the Court shall reset the case to a date certain. Unless all parties agree otherwise, the new setting must comply with all requisites of T.R.C.P. 245.

4.3.     Witness Attendance.  Each party is responsible for the attendance at trial of its proposed witnesses, and may not rely on another party's list for attendance of a witness.  Witnesses under subpoena are not affected by this rule.

4.4      Witness Numbers.  Each party or parties with the same alignment on a disputed issue will be allowed up to two (2) witnesses on any disputed issue, such as expert witnesses, character witnesses, etc., except on good cause shown.

**RULE 5.     SUBMISSION OF ORDERS, DECREES AND JUDGMENTS.**

**Within ten (10) days after rendition of an order, an agreed order,  decision, judgment or an announced settlement by counsel, counsel for the moving party shall cause, unless ordered otherwise, all such orders, decisions, or judgments, or documents to be reduced to writing and delivered to opposing counsel with an appropriate signature line to allow opposing counsel to acknowledge "approved as to form" or "approved as to form and substance," as appropriate. Opposing counsel must then return such order, decision, judgment, or document to the originating counsel within ten (10) days either with signature subscribed thereon or with objections in writing.  Once attorneys for all parties have signed the document, it should be forwarded to the court coordinator for signature by the trial judge.  If objections to the form or the substance of the order are made, the moving counsel is required to either amend the order to alleviate the objections and resubmit it to opposing counsel or forward it to the Court with a request for a hearing.  If a response as required herein is not provided within ten (10) days of receipt of the proposed order, originating counsel may present the order and evidence of opposing counsel's receipt to the Court for signature and rendition.**

**If either counsel or a party cause or require a hearing that a reasonable and prudent party or attorney in the same or similar circumstances would not have caused or required, the Court shall award attorney's fees against such party or attorney in favor of the other party including any reasonable fees or expenses incurred as a result of causing or requiring the hearing.  If counsel for the moving party or alternate counsel ordered by the Court to prepare the order, decision, judgment or other document fail to comply with the provisions of this rule, the Court shall award attorney's fees against the failing party in favor of the other party for fees and expenses incurred reasonably by the other party's counsel in preparing the order or document.  The Court may consider any requests for extensions of time under this rule for good cause shown only.**

**RULE 6.     DISMISSAL DOCKETS.**

6

The following cases are eligible for dismissal for want of prosecution pursuant to T.R.C.P. 165a:

    (a)    Cases on file for more than 180 days in which no answer has been filed or is required by law;

    (b)    Cases which have been on file for more than twelve (12) months and are not set for trial;

    (c)    Cases in which any party seeking affirmative relief fails to appear for any hearing or trial of which the party has notice.

**RULE 7.**      <u>**SETTLEMENT**</u>**.**

Counsel is to notify the Court immediately of settlements that obviate Court settings as unnecessarily summoned jury panels are disruptive to the Court and jurors.

**RULE 8.**      <u>**VACATIONS OF COUNSEL**</u>**.**

An attorney may designate not more than four (4) weeks during the year as vacation, during which time he will not be assigned to trial or required to engage in any pretrial proceedings. **A separate written designation in each cause must be filed with the Court Coordinator at least 45 days in advance of the vacation period unless the case has been set for trial <u>prior</u> to counsel's vacation designation.** This rule operates only where lead counsel, as defined by T.R.C.P. 8 is affected, unless the Court expands coverage to other counsel.

If a case is set by the Court during the designated vacation period, counsel must timely file with the Court a written Motion for Continuance to bring to the Court's attention the filed vacation designation.

**RULE 9.**      <u>**APPEARANCES.**</u>

**Attorneys must make court appearances <u>in person</u> unless all matters to be considered in the hearing have been agreed by all parties and such agreement is reflected in a letter or fax, signed by all affected attorneys, to the Court through its court coordinator. If a fax is sent to manifest such agreement, the court coordinator should be notified by telephone when the fax is actually transmitted.**

**The Court may allow, upon request, counsel to appear by telephone conference call. This, however, is discretionary with each individual Court.**

**RULE 10.**      <u>**EFFECTIVE DATE**</u>**.**

These rules shall become effective upon their approval by the Texas Supreme Court pursuant to T.R.C.P.3a or April 1, 1999, whichever occurs later.

ORDERED AND SIGNED on this the _____ day of _____, 1999.


_____          _____
**LOUIS B. GOHMERT, JR.**                 **CYNTHIA STEVENS KENT**
Judge, 7th Judicial District Court        Judge, 114th District Court
Smith County, Texas                       Smith County, Texas


_____          _____
**DIANE DEVASTO**                         **CAROLE CLARK**
Judge, 241st District Court               Judge, 321st District Court
Smith County, Texas                       Smith County, Texas


_____          _____
**THOMAS DUNN**                           **RANDALL ROGERS**
Judge, County Court at Law                Judge, County Court at Law No. 2
Smith County, Texas                       Smith County, Texas


_____          _____
**FLOYD GETZ**                            **LARRY CRAIG**
Judge, County Court at Law No. 3          Judge, Smith County Court
Smith County, Texas                       Smith County, Texas

# Tab E: Affidavit of Pam Miller

State of Texas       §

                                  §

County of Cherokee     §                     Affidavit of Pam Miller

Before me, the undersigned Notary Public, personally appeared Pam Miller, who, being duly sworn, deposed as follows:

1.      My name is Pam Miller. I am an adult and I have personal knowledge of the facts stated herein. These facts are true and correct.

2.      I am the founder and owner of Records & Review, a legal records service located in Jacksonville, TX. I am also a certified Legal Assistant and have been since 1988. I have operated Records & Review since 1992.

3.      I am the custodian of records of Records & Review. Attached hereto are 81 pages of records from Records & Review.

4.      The attached records are kept by Records & Review in the regular course of its business.

5.      It was in the regular course of business of Records & Review for an employee or representative of Records & Review, with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such records.

6.      The records were made at or near the time or reasonably soon thereafter.

7.      The attached records are exact duplicates of the original records.

8.      From my many years of practice in the legal records industry I have personal knowledge of the procedures of Records & Review as well as those of many other records services that operate in the State of Texas. Based upon that knowledge, I know it is an industry wide practice to transmit to third party record custodians, by mail, email or fax, a request for the voluntary production of documents in conjunction with the completion of a deposition on written questions, the execution of a Rule 902 business records affidavit, or both. In each such instance of which I am aware this request is accompanied by a draft form of a subpoena essentially identical to those found in the attached records. This practice

encourages these non-party records custodians to produce documents without the necessity of being formally subpoenaed and having to give an oral deposition to authenticate the documents.

The draft form subpoena that accompanies the request is not formally served under the Rules of Civil Procedure; it is just sent with the deposition on written questions or the Rule 902 business records affidavit, whichever has been selected by the attorney requesting the service. The purpose of the draft subpoena is simply to give the records custodian an advance copy and the option to complete and return the deposition on written questions or the Rule 902 business records affidavit, as may be the case, or to indicate that their policies require that formal service of a subpoena is necessary. (Some records custodians prefer to have a subpoena for their files, even if it is not formally served.)

9. Based upon my knowledge of the industry practices these requests for voluntary production of documents accompanied by these draft subpoena forms are sent to hundreds or more third party records custodians each and every business day in Texas.

_____
Pam Miller

Subscribed to and sworn before me this 9th day of October, 2014.

_____
Notary Public for the State of Texas



# DEPOSITION SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Pharmacy Records for
**Brookshire's Pharmacy**
Via Email: rx@brookshires.com

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY & ALL MEDICAL RECORDS* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, any photographs (color if available), chiropractic records, physical therapy records, pharmacy records, insurance treatment notes, insurance records, psychiatric records, counseling notes, prescriptions, x-ray films, radiology reports, lab reports, pathology reports, narrative reports, rehabilitation notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

**KATHERINE WILLIAMS; DOB:**      SS#:

This Subpoena is being issued at the instance of the Defendants in that certain Cause No. 2013-505-CCL2 in the County Court At Law No. 2 of Gregg County, Texas, styled

KATHERINE WILLIAMS VS. TIANA BETH BALES and JOHN BALES

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the ___22nd___ day of ___August___, 2014.

Reply to:
Records & Review
190 County Road 4204
Jacksonville, TX 75766
*(903) 586-2182 / (903) 586-5901 FAX*

Notary Public in and For the State of Texas



Attorney requesting subpoena:
CLAY WHITE/AMY MILLS
WHITE SHAVER LAW FIRM

CAUSE NO. 2013-505-CCL2

| | | |
|---|---|---|
| KATHERINE WILLIAMS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 2 OF |
| | § | |
| TIANA BETH BALES and JOHN BALES | § | GREGG COUNTY, TEXAS |

**FILED**
GREGG COUNTY, TEXAS
JUL 14 2014
BY BARBARA DUNCAN
_____ O'CLOCK ___ M
BARBARA DUNCAN, DISTRICT CLERK
_____ DEPUTY

## NOTICE OF INTENTION TO TAKE
## <u>DEPOSITION BY WRITTEN QUESTIONS</u>

TO:    Marty Young, GOUDARZI & YOUNG, LLP, PO Drawer 910, Gilmer, TX 75644

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF MEDICAL RECORDS FOR:

East Texas Medical Center, 830 S. Beckham, Tyler, TX 75701
Good Shepherd Medical Center, 700 E. Marshall Avenue, Longview, TX 75601
Titus Regional Medical Center, 2001 N. Jefferson, Mt. Pleasant, TX 75455
AK Fitness Therapy Center, 2903 Judson Rd., Longview, TX 75605
Daingerfield Family Medical Clinic, 213 W Scurry St, Daingerfield, TX 75638
Damascus Home of Redwater, Inc., P.O. Box 583, Redwater, TX 75573
Family Health Care Center, 302 S Central St Suite A, Hallsville, TX 75650
Dr. Martin Hilton, 709 Hollybrook, Suite 3401, Longview, TX 75605
Dr. Larry Huffman and/or Family Healthcare Center, 2010 Bill Owens Parkway, Longview, TX 75604
Lewis Chiropractic, 1412 Linda Drive, Daingerfield, TX 75638
Open Imaging of Longview, P.O. Box 100, Paris, TX 75460
Precision Spine Care, PO Box 6605, Tyler, TX 75711
Psychiatric Associates of McKinney, 5900 S. Lake Forest Dr, Ste. 300, McKinney, TX 75070
Dr. Barry Rath, 826 S Fleishel, Tyler, TX 75701
Texas Pain, 1814 Roseland Blvd., Suite 200, Tyler, Texas 75701
Women's Clinic, 1903 Mulberry Ave, Mt. Pleasant, TX 75455
Brookshire's Pharmacy, P.O. Box 1411, Tyler, TX 75711
Walgreen's Pharmacy, 1901 E. Voorhees St., Mail Stop 735, Danville, IL 61834

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY & ALL MEDICAL RECORDS* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, any photographs (color if available), chiropractic records, physical therapy records, pharmacy records, insurance treatment notes, insurance records, psychiatric records, counseling notes, prescriptions, x-ray films, radiology reports, lab reports, pathology reports, narrative reports, rehabilitation notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## KATHERINE WILLIAMS; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
CLAY WHITE/ AMY MILLS
WHITE SHAVER LAW FIRM
ATTORNEYS FOR DEFENDANTS
STATE BAR NO.21292220 / 00784607

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 8TH day of July, 2014.

_____
RECORDS & REVIEW

cc:    Marty Young

| KATHERINE WILLIAMS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 2 OF |
| | § | |
| TIANA BETH BALES and JOHN BALES | § | GREGG COUNTY, TEXAS |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF PHARMACY RECORDS FOR: BROOKSHIRE'S PHARMACY

1. Please state your full name, occupation, and official title.
   Answer:_____

2. Are you the custodian of the pharmacy records of **BROOKSHIRE'S PHARMACY** or do you have authority to release these records?
   Answer:_____

3. Are you among those who have possession, custody, control of or access to all pharmacy records pertaining to **KATHERINE WILLIAMS?**
   Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
   Answer:_____

5. Was it in the regular course of business of **BROOKSHIRE'S PHARMACY** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
   Answer:_____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
   Answer:_____

7. Have you received a subpoena duces tecum (including this one) for records pertaining to **KATHERINE WILLIAMS?**
   Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
   Answer:_____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of _____

My Commission Expires:_____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901

Issued by the
## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS,
## MARSHALL DIVISION

SHANNA W. SMITH

**SUBPOENA DUCES TECUM**

VS.

IN A CIVIL CASE

TIRE CENTERS, LLC

CIVIL ACTION NO. 2:14-CV-350

TO:   CareFirst Medical Associates, Attn: Custodian of Medical Records / Billing
403 Hwy 110 N, Whitehouse, TX 75791

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony: | Courtroom |
| --- | --- |
| | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition: | Date and Time |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified concerning ***THE FOLLOWING MEDICAL RECORDS/BILLING BEGINNING 05/02/13 TO PRESENT*** including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, chiropractic records, physical therapy records, pharmacy records, insurance treatment notes, insurance records, itemized billing statements, psychiatric records, counseling notes, prescriptions, radiology reports, lab reports, narrative reports, rehabilitation notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## SHANNA WYNNE (WHITELEY) SMITH; DOB:      ., SS#:

| Place: | Date and Time |
| --- | --- |
| RECORDS & REVIEW,190 COUNTY ROAD 4204 JACKSONVILLE, TX, 75766 (903) 586-2182 / (903) 586-5901 FAX | Within Seven (7) Days From Receipt of Subpoena |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date and Time |
| --- | --- |

Any organization not a part to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
| --- | --- |
| *Keith Miller/Randy Akin/KJ* | 8/26/14 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
KEITH MILLER / RANDY AKIN, ATTORNEYS FOR PLAINTIFF
RECORDS & REVIEW, 190 COUNTY ROAD 4204, JACKSONVILLE, TEXAS 75766 (903) 586-2182

## IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SHANNA W. SMITH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-350 |
| | § | |
| TIRE CENTERS, LLC | § | |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Belinda Arambula/Jeff Jury, BURNS, ANDERSON, JURY & BRENNER, 7804 Bell Mountain Dr., Suite 100, Austin, TX 78730

**PLEASE TAKE NOTICE** that after fourteen (14) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF MEDICAL RECORDS/BILLING FOR:

Texas Spine & Joint Hospital, 1814 Roseland Blvd., Tyler, TX 75701
Aegis Sciences Corporation, 515 Great Circle Road, Nashville, TN 37228 *(Billing Only)*
CareFirst Medical Associates, 403 Hwy 110 N, Whitehouse, TX 75791
East Texas Anesthesiology Associates, 3200 Troup Hwy, Suite 200, Tyler, TX 75711 *(Billing Only)*
Precision Spine Care, PO Box 6605, Tyler, TX 75711
PSI Premier Specialties, 8800 Shoal Creek, Ste. B, Austin, TX 78757
Texas Pain, 1814 Roseland Blvd., Suite 200, Tyler, Texas 75701
Tyler Radiology Associates, 837 S. Fleishel Ave., Tyler, TX 75701 *(Billing Only)*
UDM Medical Services, 10935 CR 159, Tyler, TX 75703
Major's Pharmacy, 108 Shelly Dr., Tyler, TX 75701
The Roseland Pharmacy, 1814 Roseland Blvd., Tyler, TX 75701

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Federal Rules, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING MEDICAL RECORDS/BILLING BEGINNING 05/02/13 TO PRESENT* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, chiropractic records, physical therapy records, pharmacy records, insurance treatment notes, insurance records, itemized billing statements, psychiatric records, counseling notes, prescriptions, radiology reports, lab reports, narrative reports, rehabilitation notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## SHANNA WYNNE (WHITELEY) SMITH; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
KEITH MILLER
ATTORNEY-AT-LAW
ATTORNEY FOR PLAINTIFF
STATE BAR NO. 14093750

G.R. (RANDY) AKIN
G.R. (RANDY) AKIN, P.C.
ATTORNEY FOR PLAINTIFF
STATE BAR NO. 00954900

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 18th day of August, 2014.

RECORDS & REVIEW

cc:    Belinda Arambula/Jeff Jury

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

SHANNA W. SMITH §
§
VS. § CIVIL ACTION NO. 2:14-CV-350
§
§
TIRE CENTERS, LLC §

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF MEDICAL RECORDS FOR: CAREFIRST MEDICAL ASSOCIATES

1.  Please state your full name, occupation, and official title.
    Answer:_____

2.  Are you of sound mind, capable of answering these questions, and personally acquainted with the facts here stated?
    Answer:_____

3.  Are you the custodian of the medical records of **CAREFIRST MEDICAL ASSOCIATES** or do you have authority to release these records?
    Answer:_____

4.  Are you among those who have possession, custody, control of or access to medical records *(Beginning 05/02/13 to present)* pertaining to **SHANNA SMITH**?
    Answer:_____

5.  Are the aforementioned records kept in the regular course of business of your employer?
    Answer:_____

6.  Was it in the regular course of business of **CAREFIRST MEDICAL ASSOCIATES** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
    Answer:_____

7.  Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
    Answer:_____

8.  Have you received a subpoena duces tecum for medical records *(Beginning 05/02/13 to present)* pertaining to **SHANNA SMITH?**
    Answer:_____

9.  Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
    Answer:_____

10. Do the written records indicate treatment for injuries sustained in an accident which occurred on 05/02/13?
    Answer:_____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of_____

My Commission Expires:_____

# IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

SHANNA W. SMITH                        §
                                       §
VS.                                    §        CIVIL ACTION NO. 2:14-CV-350
                                       §
TIRE CENTERS, LLC                      §


## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS,
## CUSTODIAN OF BILLING FOR:
## CAREFIRST MEDICAL ASSOCIATES

1.     Please state your full name, occupation, and official title.

       Answer:_____

2.     Are you of sound mind, capable of answering these questions, and personally acquainted with the facts here stated?

       Answer:_____

3.     Are you the custodian of the billing of **CAREFIRST MEDICAL ASSOCIATES** or do you have authority to release these records?

       Answer:_____

4.     Are you among those who have possession, custody, control of or access to billing *beginning 05/02/13 to PRESENT* pertaining to **SHANNA SMITH**?

       Answer:_____

5.     Are the aforementioned records kept in the regular course of business of your employer?

       Answer:_____

6.     Was it in the regular course of business of **CAREFIRST MEDICAL ASSOCIATES** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?

       Answer:_____

7.     Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.

       Answer:_____

8.     Have you received a subpoena duces tecum for the billing *beginning 05/02/13 to PRESENT* pertaining to **SHANNA SMITH**?

       Answer:_____

9.     Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?

       Answer:_____

10.    Please state whether such charges are reasonable for like or similar services rendered in your vicinity?

       Answer:_____

11. Please state whether the facility services as reflected in the facility charges, as prescribed by the physician(s) in charge, were necessary for the proper care and treatment of SHANNA SMITH?

Answer:_____

12. Please state the amount of medical expenses incurred *beginning 05/02/13 to PRESENT* pertaining to SHANNA SMITH.

Answer:_____

13. Please state the amount of medical expenses paid by or on behalf of SHANNA SMITH for dates of service beginning *05/02/13 to PRESENT* to date?

Answer:_____

14. Please state the patient's responsibility for the amount outstanding for dates of services beginning *05/02/13 to PRESENT* to date?

Answer:_____


_____
WITNESS (Custodian of Billing)


Sworn to and subscribed before me on the _____ day of _____, 2014.


_____
Notary Public In and for The State of _____

My Commission Expires:_____


Direct Questions Page 2

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHANNA W. SMITH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-350 |
| | § | |
| TIRE CENTERS, LLC | § | |

## CROSS QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF BILLING FOR: CAREFIRST MEDICAL ASSOCIATES

1. What is the current balance owed on your bill for charges incurred by or on behalf of Shanna W. Smith?

   Answer:_____

2. What are the amounts of payments that have been paid by Shanna W. Smith toward the balance of this itemized bill, setting forth the date the payment was made and the amount of each payment. (Please answer specifically; do not say "see attached" or make general references to your billing statement; you may attach a list of payments if there is not enough space to write your entries.)

   Answer:_____

3. Please list the amount owed by Shanna W. Smith, if any.

   Answer:_____

4. Were there any adjustments/reductions/deductions made to the total amount billed for services rendered to Shanna W. Smith? If so, please state the amount of the adjustments/reductions/deductions made.

   Answer:_____

5. Has any amount been written off for medical services rendered to Shanna W. Smith? If so, please state the total amount written off for medical services rendered on behalf of/to Shanna W. Smith.

   Answer:_____

6. In sum, what is the total amount paid on behalf of Shanna W. Smith for medical services rendered if any?

   Answer:_____

7. In sum, what is the total amount owed by Shanna W. Smith for medical services rendered, if any?

   Answer:_____

8. Are there any bills in your system for Shanna W. Smith that predate May 2, 2013? If so, please list dates of service.

   Answer:_____


_____
WITNESS (Custodian of Billing)


Sworn to and subscribed before me on the _____ day of _____, 2014.


_____
Notary Public In and for The State of _____

My Commission Expires:_____

# Texas Administrative Code

TITLE 22        EXAMINING BOARDS
PART 9         TEXAS MEDICAL BOARD
CHAPTER 165   MEDICAL RECORDS
RULE §165.2    Medical Record Release and Charges

(a) **Release of Records Pursuant to Written Request.** As required by the Medical Practice Act, §159.006, a physician shall furnish copies of medical and/or billing records requested or a summary or narrative of the records pursuant to a written release of the information as provided by the Medical Practice Act, §159.005, except if the physician determines that access to the information would be harmful to the physical, mental, or emotional health of the patient. The physician may delete confidential information about another patient or family member of the patient who has not consented to the release. If requested, the physician shall provide the requested records in electronic format, if such records are readily producible. If the requested records are not readily producible in a readable electronic format, the records shall be produced in a format as agreed to by the physician and the requestor. If by the nature of the physician's practice, the physician transmits health information in electronic form, the physician may be subject to the Health Insurance Portability and Accountability Act (HIPAA) 45 C.F.R. Parts 160-164. Unless otherwise provided under HIPAA, physicians subject to HIPAA must permit the patient or an authorized representative access to inspect medical and/or billing records and may not provide summaries in lieu of actual copies unless the patient authorizes the summary and related charges.

**(b) Deadline for Release of Records. The requested copies of medical and/or billing records or a summary or narrative of the records shall be furnished by the physician within 15 business days after the date of receipt of the request and reasonable fees for furnishing the information.**

(c) **Denial of Requests for Records.** If the physician denies the request for copies of medical and/or billing records or a summary or narrative of the records, either in whole or in part, the physician shall furnish the patient a written statement, signed and dated, within 15 business days of receipt of the request stating the reason for the denial and how the patient can file a complaint with the federal Department of Health and Human Services (if the physician is subject to HIPAA) and the Texas Medical Board. A copy of the statement denying the request shall be placed in the patient's medical and/or billing records as appropriate.

(d) **Contents of Records.** For purposes of this section, "medical records" shall include those records as defined in §165.1(a) of this title (relating to Medical Records) and shall include copies of medical records of other health care practitioners contained in the records of the physician to whom a request for release of records has been made.

(e) **Allowable Charges.**

  (1) **Paper Format.** (A) The physician responding to a request for such information in paper format shall be entitled to receive a reasonable, cost-based fee for providing the requested information. (B) A reasonable fee for providing the requested records in paper format shall be a charge of no more than $25 for the first twenty pages and $.50 per page for every copy thereafter.

  (2) **Electronic Format.** (A) The physician responding to a request for such information to be provided in electronic format shall be entitled to receive a reasonable, cost-based fee for providing the requested information in electronic format. (B) A reasonable fee for providing the requested records in electronic format shall be a charge of no more than: $25 for 500 pages or less; $50 for more than 500 pages.

  (3) **Hybrid Records Format.** (A) The physician responding to a request for such information that is contained partially in electronic format and partially in paper format ("hybrid"), may provide the requested information in a hybrid format and shall be entitled to receive a reasonable, cost based fee for providing the requested information. (B) A reasonable fee for providing the requested records in a hybrid format may be a combination of the fees as set forth in paragraphs (1) and

(2) of this subsection.

(4) **Other Charges.** (A) If an affidavit is requested, certifying that the information is a true and correct copy of the records, whether in paper, electronic or hybrid format, a reasonable fee of up to $15 may be charged for executing the affidavit. (B) A physician may charge separate fees for medical and billing records requested. (C) Allowable charges for copies of diagnostic imaging studies are set forth in §165.3 of this title (relating to Patient Access to Diagnostic Imaging Studies in Physician's Office) and are separate from the charges set forth in this section.

(5) A **reasonable fee** for records provided in a paper, electronic or hybrid format may not include costs associated with searching for and retrieving the requested information, and shall include only the cost of: (A) copying and labor, including, compiling, extracting, scanning, burning onto media, and distributing media; (B) cost of supplies for creating the paper copy or electronic media (if the individual requests portable media) that are not prohibited by federal law; (C) postage, when the individual has requested the copy or summary be mailed; and (D) preparing a summary of the records when appropriate.

(f) **Emergency Requests.** The physician providing copies of requested medical and/or billing records or a summary or a narrative of such records shall be entitled to payment of a reasonable fee prior to release of the information unless the information is requested by a licensed Texas health care provider or a physician licensed by any state, territory, or insular possession of the United States or any State or province of Canada if requested for purposes of emergency or acute medical care.

(g) **Non-emergent Requests.** In the event the physician receives a proper request for copies of medical and/or billing records or a summary or narrative of the records for purposes other than for emergency or acute medical care, the physician may retain the requested information until payment is received. If payment is not routed with such a request, within ten calendar days from receiving a request for the release of such records, the physician shall notify the requesting party in writing of the need for payment and may withhold the information until payment of a reasonable fee is received. A copy of the letter regarding the need for payment shall be made part of the patient's medical and/or billing record as appropriate.

(h) **Improper Withholding for Past Due Accounts.** Medical and/or billing records requested pursuant to a proper request for release may not be withheld from the patient, the patient's authorized agent, or the patient's designated recipient for such records based on a past due account for medical care or treatment previously rendered to the patient.

(i) **Subpoena Not Required.** A subpoena shall not be required for the release of medical and/or billing records requested pursuant to a proper release for records under this section and the Medical Practice Act, §159.006, made by a patient or by the patient's guardian or other representative duly authorized to obtain such records.

(j) **Billing Record Requests.** In response to a proper request for release of medical records, a physician shall not be required to provide copies of billing records pertaining to medical treatment of a patient unless specifically requested pursuant to the request for release of medical records.

(k) **Prohibited Fees for Records Released Related to Disability Claims.** The allowable charges as set forth in this chapter shall be maximum amounts, and this chapter shall be construed and applied so as to be consistent with lower fees or the prohibition or absence of such fees as required by state statute or prevailing federal law. In particular, under §161.202 of the Texas Health and Safety Code, a physician may not charge a fee for a medical or mental health record requested by a patient, former patient or authorized representative of the patient if the request is related to a benefits or assistance claim based on the patient's disability.

(l) **Applicable Federal Law.** Whenever federal law or applicable federal regulations affecting the release of patient information are inconsistent with provisions of this section, the provisions of federal law or federal regulations shall be controlling, unless the state law is more restrictive/stringent. Physicians are responsible for ensuring that they are in compliance with federal law and regulations including the Health Insurance Portability and Accountability Act (HIPAA) 45 C.F.R. Parts 160-164.

Source Note: The provisions of this §165.2 adopted to be effective December 29, 1997, 22 TexReg 12490; amended to be effective May 21, 2000, 25 TexReg 4349; amended to be effective November 19, 2000, 25 TexReg 11282; amended to be effective September 19, 2002, 27 TexReg 8769; amended to be effective March 4, 2004, 29 TexReg 1946; amended to be effective January 20, 2014, 39 TexReg 273

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182 Fax: (903) 586-5901

# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Records for
**AT&T Mobility LLC**
Fax #: 877-971-6093

to be and appear before a Notary Public of my designation for
Records & Review
190 County Road 4204
Jacksonville, TX 75766

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING CELL PHONE RECORDS* including, BUT NOT LIMITED TO: 1) Any and all records pertaining to any and all calls received by and/or dialed from 936-715-8410 on February 2, 2012; and 2) All account and billing information for the 936-715-8410 showing the name of the account, the name of the person with the phone number, the charges and any other information relating to the account and billing for 936-715-8410 on February 2, 2012; and 3) Any and all **Text Messages** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the text message was received, the actual transcript of each of the incoming / outgoing text message(s); and the exact date, day and time the text message(s) was sent and/or received; and 4) Any and all **Data Transfers** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the data transfer was received and/or sent, a specific description/actual transcript/image of each data transfer; and the exact date, day and time the data transfer(s) was sent and/or received; and 5) Any and all **Multimedia Messages** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the Multimedia Messages was received and/or sent, a specific description / actual transcript/image of each Multimedia Message; and the exact date, day and time the Multimedia Message(s) was sent and/or received; and 6) Any and all **Downloads** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the Download was received, a specific description/actual transcript/image of each Download; and the exact date, day and time the Download(s) was sent and/or received pertaining to:

## CELL PHONE #: (936) 715-8410

This Subpoena is being issued at the instance of the Attorney for Plaintiff in that certain Cause No. C-1329439 on the docket of the 145th Judicial District Court of Nacogdoches County, Texas, styled

## REINA RODRIGUEZ VS CIRILO GUTIERREZ ROJAS and SELECT ENERGY SERVICES, LLC

and there remain from day to day and time to time until discharged by me according to law. This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.

Witness my hand, this the 14th day of May, 2014.

*Reply to*:
*Records & Review*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182*
*(903) 586-5901 FAX*



Notary Public in and For the State of Texas

Attorney requesting subpoena:

JEFF B. BADDERS
BADDERS LAW FIRM



BARBARA JEAN-MARIE DOTSON
MY COMMISSION EXPIRES
June 4, 2016

CAUSE NO. C-1329439

| | | |
|---|---|---|
| REINA RODRIGUEZ | § | IN THE DISTRICT COURT OF |
| | § | TEXAS COUNTY |
| VS. | § | NACOGDOCHES COUNTY, TX |
| | § | |
| CIRILO GUTIERREZ ROJAS and | § | |
| SELECT ENERGY SERVICES, LLC | § | 145TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Clay White, WHITE SHAVER P.C., 205 W. Locust Ave., Tyler, TX 75702

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF RECORDS FOR:

*AT&T MOBILITY LLC, Via Fax: (877) 971-6093*

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING CELL PHONE RECORDS* including, BUT NOT LIMITED TO:  1) Any and all records pertaining to any and all calls received by and/or dialed from 936-715-8410 on February 2, 2012; and 2) All account and billing information for the 936-715-8410 showing the name of the account, the name of the person with the phone number, the charges and any other information relating to the account and billing for 936-715-8410 on February 2, 2012; and 3) Any and all **Text Messages** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the text message was received, the actual transcript of each of the incoming / outgoing text message(s); and the exact date, day and time the text message(s) was sent and/or received; and 4) Any and all **Data Transfers** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the data transfer was received and/or sent, a specific description/actual transcript/image of each data transfer; and the exact date, day and time the data transfer(s) was sent and/or received; and 5) Any and all **Multimedia Messages** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the Multimedia Messages was received and/or sent, a specific description / actual transcript/image of each Multimedia Message; and the exact date, day and time the Multimedia Message(s) was sent and/or received; and 6) Any and all **Downloads** received by and/or sent from 936-715-8410 on February 2, 2012, including but not limited to, the number from which the Download was received, a specific description/actual transcript/image of each Download; and the exact date, day and time the Download(s) was sent and/or received pertaining to:

## CELL PHONE #: (936) 715-8410

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made  and attached to said deposition.

Respectfully submitted,
JEFF B. BADDERS
BADDERS LAW FIRM
ATTORNEYS FOR PLAINTIFF
STATE BAR NO. 01496850

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 13TH day of May, 2014.

_____
RECORDS & REVIEW

cc:    Clay White

CAUSE NO. C-1329439

| REINA RODRIGUEZ | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | NACOGDOCHES COUNTY, TX |
| | § | |
| CIRILO GUTIERREZ ROJAS and | § | |
| SELECT ENERGY SERVICES, LLC | § | 145TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR: AT&T MOBILITY, LLC

1. Please state your full name, occupation, and official title.
Answer:_____

2. Are you the custodian of the records of **AT&T MOBILITY, LLC** or do you have authority to release these records?
Answer:_____

3. Are you among those who have possession, custody, control of or access to any and all records pertaining to 936-715-8410?
Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
Answer:_____

5. Was it in the regular course of business of **AT&T MOBILITY, LLC** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
Answer:_____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
Answer:_____

7. Have you received a subpoena duces tecum *(including this one)* for the records pertaining to 936-715-8410?
Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
Answer:_____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of _____

My Commission Expires:_____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901

 

# DEPOSITION SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Records for
**Capital One, N.A.**
Attn: 12070-7000
15000 Capital One Drive
Richmond, VA 23238

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying *THE FOLLOWING BANKING DOCUMENTS BEGINNING DECEMBER 1, 2008 THROUGH SEPTEMBER 30, 2009* including, BUT NOT LIMITED TO:

1) Copies of all signature cards, deposit-box rental agreements, deposit-box entry records, loan records, lines of credit, and records of assets in safekeeping in the name of Gary Lynn McShan and Vivian Elaine McShan; and

2) Copies of all monthly bank statements, including deposit records, withdrawal records, transfer records, and digital images of cancelled checks for all checking accounts, savings accounts, certificates of deposit, and any other types of accounts maintained in the name of Gary Lynn McShan and Vivian Elaine McShan, on which Gary Lynn McShan and Vivian Elaine McShan had or has the right to withdraw for the period from December 1, 2008 through September 30, 2009.

and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

**GARY LYNN MCSHAN and/or VIVIAN ELAINE MCSHAN,**
**ACCOUNT NUMBERS:** ꟼ and/or _____

This Subpoena is being issued at the instance of the Plaintiff in that certain Cause No. 87-11874 in the 87th Judicial District Court of Anderson County, Texas.

IN THE MATTER OF THE MARRIAGE OF VIVIAN ELAINE MCSHAN AND GARY LYNN MCSHAN

and there remain from day to day and time to time until discharged by me according to law. This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.

Witness my hand, this the ___10th___ day of ___September___, 2014.

*Reply to*:
*Records & Review,*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182*
*(903) 586-5901 FAX*

Notary Public in and For the State of Texas





Attorney requesting subpoena:
C. MICHAEL DAVIS
LAW OFFICES OF JIM PARSONS

FILED FOR RECORD

At_____o'clock____

SEP - 8 2014

JANICE STAPLES
ANDERSON COUNTY CLERK, Anderson County, TX
by_____Dep.

CAUSE NO. 87-11874

IN THE MATTER OF § IN THE DISTRICT COURT OF
THE MARRIAGE OF §
§
§
VIVIAN ELAINE MCSHAN §
AND §
GARY LYNN MCSHAN § 87th JUDICIAL DISTRICT

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Sheila Smith, ATTORNEY-AT-LAW, PO Box 10, Frankston, TX 75763.

**PLEASE TAKE NOTICE** that after twenty-four (24) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF RECORDS FOR:

Capital One, N.A., Attn: 12070-7000, 15000 Capital One Drive, Richmond, VA  23238

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING BANKING DOCUMENTS BEGINNING DECEMBER 1, 2008 THROUGH SEPTEMBER 30, 2009* including, BUT NOT LIMITED TO:

1)    Copies of all signature cards, deposit-box rental agreements, deposit-box entry records, loan records, lines of credit, and records of assets in safekeeping in the name of Gary Lynn McShan and Vivian Elaine McShan; and

2)    Copies of all monthly bank statements, including deposit records, withdrawal records, transfer records, and digital images of cancelled checks for all checking accounts, savings accounts, certificates of deposit, and any other types of accounts maintained in the name of Gary Lynn McShan and Vivian Elaine McShan, on which Gary Lynn McShan and Vivian Elaine McShan had or has the right to withdraw for the period from December 1, 2008 through September 30, 2009.

and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## GARY LYNN MCSHAN and/or VIVIAN ELAINE MCSHAN, ACCOUNT NUMBERS:
## and/or

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made  and attached to said deposition.

Respectfully submitted,
C. MICHAEL DAVIS
LAW OFFICES OF JIM PARSONS
ATTORNEYS FOR PLAINTIFF
STATE BAR NO. 24056956

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 4th day of September, 2014.

_____
RECORDS & REVIEW

cc:    Sheila Smith

CAUSE NO. 87-11874

| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| VIVIAN ELAINE MCSHAN | § | ANDERSON COUNTY, TEXAS |
| AND | § | |
| GARY LYNN MCSHAN | § | 87th JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR: CAPITAL ONE, N.A.

1. Please state your full name, occupation, and official title.

   Answer: _____

2. Are you the custodian of the records for CAPITAL ONE, N.A. or do you have authority to release these records?

   Answer: _____

3. Are you among those who have possession, custody, control of or access to records (Beginning December 1, 2008 through September 30, 2009) pertaining to THE ITEMS SPECIFIED ON THE NOTICE concerning GARY LYNN MCSHAN and/or VIVIAN ELAINE MCSHAN?

   Answer: _____

4. Are the aforementioned records kept in the regular course of business of your employer?

   Answer: _____

5. Was it in the regular course of business of CAPITAL ONE, N.A. for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?

   Answer: _____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.

   Answer: _____

7. Have you received a subpoena duces tecum (including this one) for records (Beginning December 1, 2008 through September 30, 2009) pertaining to THE ITEMS SPECIFIED ON THE NOTICE concerning GARY LYNN MCSHAN and/or VIVIAN ELAINE MCSHAN?

   Answer: _____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?

   Answer: _____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of_____

My Commission Expires:_____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

## IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS.  See #4.

1.  **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2.  **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian.  **PLEASE PRINT YOUR NAME CLEARLY.**

3.  Please READ and ANSWER each question, and SIGN on the Witness/Affiant line.  **Your signature must be notarized.**  The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4.  **WHITE OUT IS NOT allowed** on legal documents.  It renders the document inadmissible in court.  If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901



# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Registered Agent for Navasota Oilfield Services Inc.
**Felix W. Covington**
6109 FM 390 N
Brenham, TX 77833

Custodian of Employment Records for
**Navasota Oilfield Services, Inc.**
5808 FM 3455
Navasota, TX 77868

to be and appear before a Notary Public of my designation for

       Records & Review
       190 County Road 4204
       Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying *ANY AND ALL EMPLOYMENT RECORDS:* including, BUT NOT LIMITED TO: Pre-employment records, **PAYROLL RECORDS**, personnel records, applications for employment, any photographs (color if available), disciplinary records, evaluation records, supervisor reports, W-2's, employment contracts, independent contractor agreements, appointment logs, appointment books, **WAGE RECORDS**, time cards, claim file, disability applications, worker's compensation records, all group health insurance records, medical files, attendance records, office notes (handwritten or typed), any correspondence from other employers or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## JEREMY TRENT CUNNINGHAM; DOB:

This Subpoena is being issued at the instance of the attorney for Stacie Lauren Cole, in that certain Cause No. 2014-217-DR; on the docket of the 307TH Judicial District Court of Gregg County, Texas, styled

## IN THE INTEREST OF COLE CLARK CUNNINGHAM, A Child

and there remain from day to day and time to time until discharged by me according to law. <u>This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.</u>

Witness my hand, this the ___ 11th ___ day of ___ September ___ , 2014.

*Reply to*:
*Records & Review*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182*
*(903) 586-5901 FAX*

           Notary Public in and For the State of Texas

       Attorney requesting subpoena:
       RAYMOND E. "BO" ROGERS, JR
       ATTORNEY AT LAW



CAUSE NO. 2014-217-DR

| | | |
|---|---|---|
| In the Interest of | § | IN THE DISTRICT COURT |
| | § | |
| COLE CLARK CUNNINGHAM | § | OF GREGG COUNTY, TEXAS |
| | § | |
| A Child | § | 307TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Robert R. Foster, ATTORNEY AT LAW, 227 E. Tyler St., Longview, TX 75601

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF EMPLOYMENT RECORDS FOR:

Felix W. Covington, 6109 FM 390 N, Brenham, TX 77833, Registered Agent for Navasota Oilfield Services, Inc., 5808 FM 3455, Navasota, TX 77868

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY AND ALL EMPLOYMENT RECORDS:* including, BUT NOT LIMITED TO: Pre-employment records, **PAYROLL RECORDS**, personnel records, applications for employment, any photographs (color if available), disciplinary records, evaluation records, supervisor reports, W-2's, employment contracts, independent contractor agreements, appointment logs, appointment books, **WAGE RECORDS**, time cards, claim file, disability applications, worker's compensation records, all group health insurance records, medical files, attendance records, office notes (handwritten or typed), any correspondence from other employers or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## JEREMY TRENT CUNNINGHAM; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,

RAYMOND E. "Bo" ROGERS, JR.
ATTORNEY AT LAW
ATTORNEY FOR Stacie Lauren Cole
STATE BAR NO. 24010358

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 21st day of August, 2014.

RECORDS & REVIEW

cc:    Robert R. Foster

## CAUSE NO. 2014-217-DR

| | | |
|---|---|---|
| In the Interest of | § | IN THE DISTRICT COURT |
| | § | |
| COLE CLARK CUNNINGHAM | § | OF GREGG COUNTY, TEXAS |
| | § | |
| A Child | § | 307TH JUDICIAL DISTRICT |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF EMPLOYMENT RECORDS FOR: NAVASOTA OILFIELD SERVICES, INC.

1. Please state your full name, and official title.
   Answer:_____

2. Are you the custodian of the employment records of **NAVASOTA OILFIELD SERVICES, INC.** or do you have authority to release these records?
   Answer:_____

3. Are you among those who have possession, custody, control of or access to any & all employment records pertaining to **JEREMY CUNNINGHAM?**
   Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
   Answer:_____

5. Was it in the regular course of business of **NAVASOTA OILFIELD SERVICES, INC.** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
   Answer:_____

6. Please state whether these records were made at the time of shortly after the time of the transaction or service recorded.
   Answer:_____

7. Have you received a subpoena duces tecum for any & all employment records pertaining to **JEREMY CUNNINGHAM?**
   Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
   Answer:_____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of _____

My Commission Expires:_____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182 Fax: (903) 586-5901



# DEPOSITION SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE
SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Billing for
**Cano Health & Rehab**
1528 S Buckner Blvd,
Dallas, TX 75217

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying *THE FOLLOWING BILLING BEGINNING 03/19/11 TO PRESENT* including, BUT NOT LIMITED TO: itemized billing statements, all billing reflecting reductions or discounts made by Karla Castro's healthcare providers pursuant to agreements with Medicare, Medicaid or any health insurance provider for the period March 19, 2011 to date, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## KARLA P. CASTRO; DOB:

This Subpoena is being issued at the instance of the Defendant in that certain Cause No. 84441-86 in the 86th Judicial District Court of Kaufman County, TX, styled

## ELENA GONZALEZ and KARLA P. CASTRO VS. EVERARDO E. NUNEZ

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the _31st_ day of _July_____, 2014.

Reply to:
**Records & Review**
**190 County Road 4204**
**Jacksonville, TX 75766**
(903) 586-2182
(903) 586-5901 FAX

Notary Public in and For the State of Texas



Attorney requesting subpoena:
PETER J. RUTTER
RUTTER LAW FIRM



CAUSE NO. 84441-86

| | | |
|---|---|---|
| ELENA GONZALEZ and KARLA P. CASTRO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF KAUFMAN COUNTY, TEXAS |
| | § | |
| EVERARDO E. NUNEZ | § | 86TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO: Maria Orozco-Smith, BEN ABBOTT, PC, 1934 Pendleton Dr., Garland, TX 75041

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF BILLING FOR:

Cano Health & Rehab, 1528 S Buckner Blvd,, Dallas, TX 75217
Radiologics Radiology Imaging Consulting, P.O. Box 177128, Irving, TX75017-7128

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING BILLING BEGINNING 03/19/11 TO PRESENT* including, BUT NOT LIMITED TO: itemized billing statements, all billing reflecting reductions or discounts made by Karla Castro's healthcare providers pursuant to agreements with Medicare, Medicaid or any health insurance provider for the period March 19, 2011 to date, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## KARLA P. CASTRO; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
Peter J. Rutter
RUTTER LAW FIRM, P.C.
ATTORNEYS FOR DEFENDANT
STATE BAR NO. 00791586

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 10TH day of July, 2014.

RECORDS & REVIEW

cc: Maria Orozco-Smith

## CAUSE NO. 84441-86

| | | |
|---|---|---|
| ELENA GONZALEZ and KARLA P. CASTRO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF KAUFMAN COUNTY, TEXAS |
| | § | |
| EVERARDO E. NUNEZ | § | 86TH JUDICIAL DISTRICT |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF BILLING FOR: CANO HEALTH & REHAB

1.  Please state your full name, occupation, and official title.

    Answer:_____

2.  Are you the custodian of the billing of **CANO HEALTH & REHAB** or do you have authority to release these records?

    Answer:_____

3.  Are you among those who have possession, custody, control of or access to billing *(BEGINNING 03/19/11 TO PRESENT)* pertaining to **KARLA CASTRO**?

    Answer:_____

4.  Are the aforementioned records kept in the regular course of business of your employer?

    Answer:_____

5.  Was it in the regular course of business of **CANO HEALTH & REHAB** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?

    Answer:_____

6.  Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.

    Answer:_____

7.  Have you received a subpoena duces tecum (including this one) for the billing *(BEGINNING 03/19/11 TO PRESENT)* pertaining to **KARLA CASTRO**?

    Answer:_____

8.  Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?

    Answer:_____

9.  Have any of the charges in questions been paid?

    Answer:_____

10. If any such charges have been paid, please state the following:

   a. Who paid the charges; and _____

   _____

   b. The amount paid by each such person or entity making any such payment of the charge. _____

   _____

11. Has any portion of the charges been adjusted down?

   Answer:_____

12. If any of the charges have been adjusted down, please state the amount of the adjustment.

   Answer:_____

13. Has any portion of the charges been written off?

   Answer:_____

14. If any of the charges have been written off, state the amount written off.

   Answer:_____

15. What is the current balance of the charges?

   Answer:_____


_____

WITNESS (Custodian of Billing)


Sworn to and subscribed before me on the _____ day of_____, 2014.


_____

Notary Public In and for The State of _____

My Commission Expires: _____

# Texas Administrative Code

TITLE 22          EXAMINING BOARDS
PART 9            TEXAS MEDICAL BOARD
CHAPTER 165    MEDICAL RECORDS
RULE §165.2    Medical Record Release and Charges

(a) **Release of Records Pursuant to Written Request.** As required by the Medical Practice Act, §159.006, a physician shall furnish copies of medical and/or billing records requested or a summary or narrative of the records pursuant to a written release of the information as provided by the Medical Practice Act, §159.005, except if the physician determines that access to the information would be harmful to the physical, mental, or emotional health of the patient. The physician may delete confidential information about another patient or family member of the patient who has not consented to the release. If requested, the physician shall provide the requested records in electronic format, if such records are readily producible. If the requested records are not readily producible in a readable electronic format, the records shall be produced in a format as agreed to by the physician and the requestor. If by the nature of the physician's practice, the physician transmits health information in electronic form, the physician may be subject to the Health Insurance Portability and Accountability Act (HIPAA) 45 C.F.R. Parts 160-164. Unless otherwise provided under HIPAA, physicians subject to HIPAA must permit the patient or an authorized representative access to inspect medical and/or billing records and may not provide summaries in lieu of actual copies unless the patient authorizes the summary and related charges.

(b) **Deadline for Release of Records. The requested copies of medical and/or billing records or a summary or narrative of the records shall be furnished by the physician within 15 business days after the date of receipt of the request and reasonable fees for furnishing the information.**

(c) **Denial of Requests for Records.** If the physician denies the request for copies of medical and/or billing records or a summary or narrative of the records, either in whole or in part, the physician shall furnish the patient a written statement, signed and dated, within 15 business days of receipt of the request stating the reason for the denial and how the patient can file a complaint with the federal Department of Health and Human Services (if the physician is subject to HIPAA) and the Texas Medical Board. A copy of the statement denying the request shall be placed in the patient's medical and/or billing records as appropriate.

(d) **Contents of Records.** For purposes of this section, "medical records" shall include those records as defined in §165.1(a) of this title (relating to Medical Records) and shall include copies of medical records of other health care practitioners contained in the records of the physician to whom a request for release of records has been made.

(e) **Allowable Charges.**

(1) **Paper Format.** (A) The physician responding to a request for such information in paper format shall be entitled to receive a reasonable, cost-based fee for providing the requested information. (B) A reasonable fee for providing the requested records in paper format shall be a charge of no more than $25 for the first twenty pages and $.50 per page for every copy thereafter.

(2) **Electronic Format.** (A) The physician responding to a request for such information to be provided in electronic format shall be entitled to receive a reasonable, cost-based fee for providing the requested information in electronic format. (B) A reasonable fee for providing the requested records in electronic format shall be a charge of no more than: $25 for 500 pages or less; $50 for more than 500 pages.

(3) **Hybrid Records Format.** (A) The physician responding to a request for such information that is contained partially in electronic format and partially in paper format ("hybrid"), may provide the requested information in a hybrid format and shall be entitled to receive a reasonable, cost based fee for providing the requested information. (B) A reasonable fee for providing the requested records in a hybrid format may be a combination of the fees as set forth in paragraphs (1) and

(2) of this subsection.

(4) **Other Charges.** (A) If an affidavit is requested, certifying that the information is a true and correct copy of the records, whether in paper, electronic or hybrid format, a reasonable fee of up to $15 may be charged for executing the affidavit. (B) A physician may charge separate fees for medical and billing records requested. (C) Allowable charges for copies of diagnostic imaging studies are set forth in §165.3 of this title (relating to Patient Access to Diagnostic Imaging Studies in Physician's Office) and are separate from the charges set forth in this section.

(5) A **reasonable fee** for records provided in a paper, electronic or hybrid format may not include costs associated with searching for and retrieving the requested information, and shall include only the cost of: (A) copying and labor, including, compiling, extracting, scanning, burning onto media, and distributing media; (B) cost of supplies for creating the paper copy or electronic media (if the individual requests portable media) that are not prohibited by federal law; (C) postage, when the individual has requested the copy or summary be mailed; and (D) preparing a summary of the records when appropriate.

(f) **Emergency Requests.** The physician providing copies of requested medical and/or billing records or a summary or a narrative of such records shall be entitled to payment of a reasonable fee prior to release of the information unless the information is requested by a licensed Texas health care provider or a physician licensed by any state, territory, or insular possession of the United States or any State or province of Canada if requested for purposes of emergency or acute medical care.

(g) **Non-emergent Requests.** In the event the physician receives a proper request for copies of medical and/or billing records or a summary or narrative of the records for purposes other than for emergency or acute medical care, the physician may retain the requested information until payment is received. If payment is not routed with such a request, within ten calendar days from receiving a request for the release of such records, the physician shall notify the requesting party in writing of the need for payment and may withhold the information until payment of a reasonable fee is received. A copy of the letter regarding the need for payment shall be made part of the patient's medical and/or billing record as appropriate.

(h) **Improper Withholding for Past Due Accounts.** Medical and/or billing records requested pursuant to a proper request for release may not be withheld from the patient, the patient's authorized agent, or the patient's designated recipient for such records based on a past due account for medical care or treatment previously rendered to the patient.

(i) **Subpoena Not Required.** A subpoena shall not be required for the release of medical and/or billing records requested pursuant to a proper release for records under this section and the Medical Practice Act, §159.006, made by a patient or by the patient's guardian or other representative duly authorized to obtain such records.

(j) **Billing Record Requests.** In response to a proper request for release of medical records, a physician shall not be required to provide copies of billing records pertaining to medical treatment of a patient unless specifically requested pursuant to the request for release of medical records.

(k) **Prohibited Fees for Records Released Related to Disability Claims.** The allowable charges as set forth in this chapter shall be maximum amounts, and this chapter shall be construed and applied so as to be consistent with lower fees or the prohibition or absence of such fees as required by state statute or prevailing federal law. In particular, under §161.202 of the Texas Health and Safety Code, a physician may not charge a fee for a medical or mental health record requested by a patient, former patient or authorized representative of the patient if the request is related to a benefits or assistance claim based on the patient's disability.

(l) **Applicable Federal Law.** Whenever federal law or applicable federal regulations affecting the release of patient information are inconsistent with provisions of this section, the provisions of federal law or federal regulations shall be controlling, unless the state law is more restrictive/stringent. Physicians are responsible for ensuring that they are in compliance with federal law and regulations including the Health Insurance Portability and Accountability Act (HIPAA) 45 C.F.R. Parts 160-164.

Source Note: The provisions of this §165.2 adopted to be effective December 29, 1997, 22 TexReg 12490; amended to be effective May 21, 2000, 25 TexReg 4349; amended to be effective November 19, 2000, 25 TexReg 11282; amended to be effective September 19, 2002, 27 TexReg 8769; amended to be effective March 4, 2004, 29 TexReg 1946; amended to be effective January 20, 2014, 39 TexReg 273

# INSTRUCTIONS
## FOR COMPLETING REQUEST

## IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.

1.  **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2.  **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3.  Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4.  **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901



# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Pharmacy Records for
**City Drug Store**
104 East Belknap St.
Jacksboro, TX 76458

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying, *ANY AND ALL MEDICAL RECORDS* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, any photographs (color if available), chiropractic records, physical therapy records, pharmacy records, insurance treatment notes, insurance records, psychiatric records, counseling notes, prescriptions, x-ray films, radiology reports, lab reports, narrative reports, rehabilitation notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

**KATHY GARNER; DOB: (** _ _ _ _ _ _ _

This Subpoena is being issued at the instance of the Defendant in that certain Cause No. 2013-60253-393 in the 393rd Judicial District Court of Denton County, Texas, styled

## KATHY GARNER VS. MARTHA TORRES SANTAMARIA

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the _____ 8th _____ day of _____ July _____, 2014.



*Reply to*:
*Records & Review*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182 / (903) 586-5901 FAX*

Notary Public in and For the State of Texas



Attorney requesting subpoena:
J. CHAD PARKER
THE PARKER FIRM

| | | |
|---|---|---|
| KATHY GARNER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | DENTON COUNTY, TEXAS |
| | § | |
| MARTHA TORRES SANTAMARIA | § | 393RD JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Lon L. Garner, THE GARNER FIRM, P.C., 1600 1st Avenue, McKinney, TX 75069

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF MEDICAL RECORDS FOR:

Dr. Kevin James and/or Advanced Spine & Orthopedics, 2813 W. Southlake Blvd., Suite 100, Southlake, TX 76092
Jack County Medical Clinic, 717 Magnolia, Jacksboro, TX 76458
Dr. Syed Jamal, 709 N 4th St, Jacksboro, TX 76458
City Drug Store, 104 East Belknap St., Jacksboro, TX 76458

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY AND ALL MEDICAL RECORDS* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, any photographs (color if available), chiropractic records, physical therapy records, pharmacy records, insurance treatment notes, insurance records, psychiatric records, counseling notes, prescriptions, x-ray films, radiology reports, lab reports, narrative reports, rehabilitation notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## KATHY GARNER; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
J. CHAD PARKER
THE PARKER FIRM
ATTORNEYS FOR DEFENDANT
STATE BAR NO. 00786153

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 17th day of June, 2014.

RECORDS & REVIEW

cc:    Lon L. Garner

| | | |
|---|---|---|
| KATHY GARNER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | DENTON COUNTY, TEXAS |
| | § | |
| MARTHA TORRES SANTAMARIA | § | 393RD JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF PHARMACY RECORDS FOR: CITY DRUG STORE

1.  Please state your full name, occupation, and official title.
    Answer:_____

2.  Are you the custodian of the pharmacy records of **CITY DRUG STORE** or do you have authority to release these records?
    Answer:_____

3.  Are you among those who have possession, custody, control of or access to all pharmacy records pertaining to **KATHY GARNER?**
    Answer:_____

4.  Are the aforementioned records kept in the regular course of business of your employer?
    Answer:_____

5.  Was it in the regular course of business of **CITY DRUG STORE** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
    Answer:_____

6.  Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
    Answer:_____

7.  Have you received a subpoena duces tecum (including this one) for records pertaining to **KATHY GARNER?**
    Answer:_____

8.  Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
    Answer:_____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of _____

My Commission Expires:_____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

### PLEASE MAIL TO
### RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182 Fax: (903) 586-5901




# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

### GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

**REGISTERED AGENT**
**Corporation Service Company**
211 East 7th St., Suite 620
Austin, TX 78701

Custodian of Records for
Penske Truck Leasing Company
PO Box 802577
Chicago, IL 60680

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to answer the attached Direct Questions and as they relate to Exhibit "A" attached hereto and made a part hereof pertaining to:

**LABARBA BROTHERS, LTD. dba SPRING VLY CARTAGE / JIMMY LABARBA**

This Subpoena is being issued at the instance of the Defendant in that certain Cause No. 12-0461 in the 71ST Judicial District Court of Harrison County, Texas, styled

## LEON CHANDLER VS. SPRING VALLEY CARTAGE, et. al.

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the _____ day of _____ October _____, 2013.



*Reply to*:

*Records & Review*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182 / (903) 586-5901 FAX*

_____
Notary Public in and For the State of Texas

Attorney requesting subpoena:

CLAY WHITE/AMY MILLS
WHITE SHAVER LAW FIRM



PAM MILLER
Notary Public, State of Texas
My Commission Expires
February 23, 2017




Invoice  0002938455
August 30, 2011

## Lease Invoice

*1401 1100 8006*
*8/8/11*

CGED D010  RP-31 20110231 NNNNNND 01 D0030 0002
LABARBA BROTHERS LTD DBA.
SPRING VLY CARTAGE
JIMMY LABARBA
1801 COMMERCE STREET
GARLAND, TX 75040-6711

| Page: | 1 of 3 |
|---|---|
| Customer: | 65681101-6273 |
| | LABARBA BROTHERS LTD DBA. |
| | JIMMY LABARBA |
| | 1801 COMMERCE STREET |
| | GARLAND, TX 75040 |
| Questions? | GARLAND |
| Contact: | (972) 271-1428 |

## Lease Charge Summary

| Description | Units | Lease charge | Total charge |
|---|---|---|---|
| Extra/Interim units | 1 | $971.96 | $971.96 |
| **Total Lease Charges** | 1 | $971.96 | $971.96 |

*Jof*
*Olezopad*
*Bill to*
*Insurance*
*company*

Total due by 9/9/11                 $ 971.96

Amount enclosed

*Please write the invoice number on a check payable to Penske*

### Payment coupon

| Invoice: | 0002938455 |
|---|---|
| Date: | August 30, 2011 |
| Customer: | 65681101-6273 |
| | LABARBA BROTHERS LTD DBA. |
| | JIMMY LABARBA |
| | 1801 COMMERCE STREET |
| | GARLAND, TX 75040 |

PENSKE TRUCK LEASING CO., L. P.
P.O. BOX 802577
CHICAGO, IL 60680-2577

SEP-05-2013(THU) 10:29



P. 004/004

Page: 3 of 3
Invoice: 0002938455
Date: August 30, 2011
Customer: 65681101-6273

Questions? GARLAND
Contact: (972) 271-1428

Exhibit "A"

## Extra/Interim Unit Detail
### Tractors

Period Ending: 8/25/20

| Unit #<br>Unit type | My unit # | Charge days | Period<br>Mon Wk Day | Miles/Hours<br>Beginning | Ending | Total | Rate | Mileage<br>charge | Fixed<br>charge | Vehicle<br>adjust | Tax | Total cha |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 517723<br>TA00 TRACTOR SLEEPER | | Fixed | 11 | 92700 | 114918 | 23.20 | $0.0500 | $369.60 | $510.00 | | $60.36 | $767 |
| | Driver FIGUEROA | | | JOAQUIN | 0/25/1 | | | | | | | |
| | Adtd | 2 | 39316 | 94918 | 0 | $1.0000 | $0.00 | $204.00 | | | $204 |
| | Driver FIGUEROA | | | JOAQUIN | 8/25/1 | | | | | | | |
| **Total Extra/Interim Tractors** | | | | | | 2120 | | $169.60 | $714.00 | | $88.36 | $971. |

| **Total Extra/Interim Unit Charges** | 2120 | | $169.60 | $714.00 | | $88.36 | $971. |
|---|---|---|---|---|---|---|---|

## Total Lease Charges

| | 2120 | | $169.69 | $714.00 | | $88.36 | $971. |
|---|---|---|---|---|---|---|---|

### Lease Charge Tax Recap

| Code | Rate | Total cha |
|---|---|---|
| TX-99 00 | | $88. |

Received Time Sep. 5, 2013 12:50PM No. 2016

FILED FOR RECORD
HARRISON COUNTY, TEXAS
CLERK DISTRICT COURT

2013 SEP 23 AM II: 46

MELISSA CRAIG
BY_____
DEPUTY

CAUSE NO. 12-0461

| | | |
|---|---|---|
| LEON CHANDLER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRISON COUNTY, TEXAS |
| | § | |
| SPRING VALLEY CARTAGE, Individually | § | |
| and d/b/a K-TOO ENTERPRISES, INC., | § | |
| Individually, LABARBA BROTHERS, LTD. | § | |
| and JOAQUIN CRUZ FIGUEROA | § | 71ST  JUDICIAL DISTRICT |

## AMENDED NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Michael D. Antalan, ANTALAN & ASSOCIATES, 2211 Norfolk, Suite 600, Houston, TX, 77098

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF RECORDS FOR:

Corporation Service Company, 211 East 7th St., Ste 620, Austin, TX  78701; Registered Agent for Penske Truck Leasing Company

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766.  Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to answer the attached Direct Questions and as they relate to Exhibit "A" attached hereto and made a part hereof pertaining to:

**LABARBA BROTHERS, LTD. dba SPRING VLY CARTAGE / JIMMY LABARBA**

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made  and attached to said deposition.

Respectfully submitted,
CLAY WHITE/ AMY MILLS
WHITE SHAVER LAW FIRM
ATTORNEYS FOR DEFENDANT
STATE BAR NO.21292220 / 00784607

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 18th day of September, 2013.

_____
RECORDS & REVIEW

cc:     Michael D. Antalan





Invoice 0002938455
August 30, 2011

# Lease Invoice

*14D1 1L008016*

*8/8/11*

| | |
|---|---|
| | Page: 1 of 3 |
| | Customer: 65681101-6273 |

CGE0 D010 RP 31 2011083I NNNNNND 01 D00300 D002
LABARBA BROTHERS LTD DBA.
SPRING VLY CARTAGE
JIMMY LABARBA
1801 COMMERCE STREET
GARLAND, TX 75040-6711

LABARBA BROTHERS LTD DBA.
JIMMY LABARBA
1801 COMMERCE STREET
GARLAND, TX 75040

Questions? GARLAND
Contact: (972) 271-1428

## Lease Charge Summary

| Description | Units | Lease charge | total charge |
|---|---|---|---|
| Extra/Interim units | 1 | $971.96 | $971.96 |
| **Total Lease Charges** | **1** | **$971.96** | **$971.96** |

*Jof Ok 20 p2nd Bill to Insurance Company*

---

| | | Payment coupon |
|---|---|---|
| Total due by 9/9/11 | $ 971.96 | Invoice: 0002938455 |
| | | Date: August 30, 2011 |
| Amount enclosed | | Customer: 65681101-6273 |
| | | LABARBA BROTHERS LTD DBA. |
| Please write the invoice number on a check payable to Penske | | JIMMY LABARBA |
| | | 1801 COMMERCE STREET |
| | | GARLAND, TX 75040 |

PENSKE TRUCK LEASING CO., L. P.
P.O. BOX 802577
CHICAGO, IL 60680-2577

# Exhibit "A"

Page: 3 of 3
Invoice: 0D02938456
Date: August 30, 2011
Customer: 65681101-6273
Questions? GARLAND
Contact: (972) 271-1428

**PENSKE**

## Extra/Interim Unit Detail

### Tractors

Period Ending: 08/25/20...

| Unit type | Qty unit # | Charge class | Period Mon Wk Day | Meter/Hours Beginning | Meter/Hours Ending | Total | Rate | Mileage charge | Fixed charge | Variable adjust | Tax | Total cha... |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Total Extra/Interim Unit Tractors** | | | | | | 2120 | | $169.60 | $714.00 | $88.36 | $97... |

**Total Extra/Interim Unit Charges** | | | | | | 2120 | | $169.60 | $714.00 | $88.36 | $971... |

**Total Extra/Interim Unit Tractors** | | | | | | 2120 | | $169.60 | $714.00 | $88.36 | $971... |

| | | | | | | 2120 | | $169.60 | $714.00 | | $88... |

**Total Lease Charges**

### Lease Charge Tax Recap

| Code | Rate | Total cha... |
|---|---|---|
| TX-99.00 | | $88... |



| | | |
|---|---|---|
| LEON CHANDLER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRISON COUNTY, TEXAS |
| | § | |
| SPRING VALLEY CARTAGE, Individually | § | |
| and d/b/a K-TOO ENTERPRISES, INC., | § | |
| Individually, LABARBA BROTHERS, LTD. | § | |
| and JOAQUIN CRUZ FIGUEROA | § | 71ST JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR:
### PENSKE TRUCK LEASING COMPANY, LP

1. Please state your full name, occupation, and official title.
   Answer:_____

2. Are you the custodian of the business records of **PENSKE TRUCK LEASING COMPANY, LP** or do you have authority to release these records?
   Answer:_____

3. Are you among those who have possession, custody, control of or access to any and all business records pertaining to **Exhibit "A" attached hereto and made a part hereof?**
   Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
   Answer:_____

5. Was it in the regular course of business of **PENSKE TRUCK LEASING COMPANY, LP** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
   Answer:_____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
   Answer:_____

7. Have you received a subpoena duces tecum for all of the records pertaining to **Exhibit "A" attached hereto and made a part hereof?**
   Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
   Answer:_____


_____
WITNESS (Custodian of Records)


Sworn to and subscribed before me on the _____ day of _____, 2013.


_____
Notary Public In and for The State of _____

My Commission Expires:_____



Invoice  0002938455
August 30, 2011

## Lease Invoice

*JUDI 1100 806*

*8/8/11*

| | |
|---|---|
| **Page:** | 1 of 3 |
| **Customer:** | 65681101-6273 |

GGGD DD1D  RP3-1 20110831 NNNNNND 01 000303 0002
LABARBA BROTHERS LTD DBA.
SPRING VLY CARTAGE
JIMMY LABARBA
1801 COMMERCE STREET
GARLAND, TX 75040-6711

LABARBA BROTHERS LTD DBA.
JIMMY LABARBA
1801 COMMERCE STREET
GARLAND, TX 75040

| | |
|---|---|
| **Questions?** | GARLAND |
| **Contact:** | (972) 271-1428 |

### Lease Charge Summary

| Description | Units | Lease charge | Total charge |
|---|---|---|---|
| Extra/interim units | 1 | $971.96 | $971.96 |
| **Total Lease Charges** | 1 | $971.96 | $971.96 |

*Jof Obzppd Bill to Insurance Company*

| | |
|---|---|
| **Total due by** 9/9/11 | $ 971.96 |
| **Amount enclosed** | |

*Please write the invoice number on a check payable to Penske*

**Payment coupon**

| | |
|---|---|
| **Invoice:** | 0002938455 |
| **Date:** | August 30, 2011 |
| **Customer:** | 65681101-6273 |

LABARBA BROTHERS LTD DBA.
JIMMY LABARBA
1801 COMMERCE STREET
GARLAND, TX 75040

PENSKE TRUCK LEASING CO., L. P.
P.O. BOX 802577
CHICAGO, IL 60680-2577

EXIBIT A"

**PENSKE**

Page: 3 of 3
Invoice: 0002938455
Date: August 30, 2011
Customer: 65681101-6273

Questions? GARLAND
Contact: (972) 271-1428

## Extra/Interim Unit Detail

### Tractors

Period Ending: 8/26/20

| Unit #<br>Unit Ops | My unit # | Charge<br>days | Period<br>Mon Wk Day | Miles/Hours<br>Beginning | Ending | Total | Rate | Mileage<br>charge | Fixed<br>charge | Vehicle<br>adjust | Tax | Total cha |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1723 | TRACTOR SLEEPER | Power | | 92700 | 94510 | 2320 | $0.0800 | $369.60 | $510.90 | | $80.36 | $767 |
| | Driver: FIGUEROA | JOAQUIN | 0.25 | | | | | | | | | |
| | Power | 2 | 36316 | 84618 | 0 | $1.0000 | $0.00 | $204.90 | | | $204 |
| | Driver: FIGUEROA | JOAQUIN | | 67631 | 826/ | | | | | | | |

**Total Extra/Interim Tractors** | | | | | | 2120 | $169.60 | $714.00 | | $88.36 | $971. |

**Total Extra/Interim Unit Charges** | | | | | | 2120 | $169.60 | $714.00 | | $88.36 | $971. |

## Total Lease Charges

| | | | | | | 2120 | $169.60 | $714.00 | | $88.36 | $971. |

### Lease Charge Tax Recap

| Code | Rate | Total chau |
|---|---|---|
| TX-99 00 | | $88. |

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182 Fax: (903) 586-5901




# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Employment Records for
**Southern Refrigerated Transport Inc.**
8055 Hwy 67 North
Texarkana, AR 71854

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying *ANY AND ALL EMPLOYMENT RECORDS*, BUT NOT LIMITED TO: Pre-employment records, payroll records, personnel records, applications for employment, disciplinary records, evaluation records, supervisor reports, W-2's, 1099 forms, employment contracts, independent contractor agreements, appointment logs, appointment books, wage records, time cards, claim file, disability applications, worker's compensation records, all group health insurance records, medical files, attendance records, office notes (handwritten or typed), any correspondence from other employers or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## THOMAS BULLOCK, DOB:

This Subpoena is being issued at the instance of the Defendant in that certain Cause No. 11C 1804-102 in the _____ Judicial District Court of Bowie County, Texas, styled

## THOMAS BULLOCK VS. ARTHUR CLEVELAND CASE

and there remain from day to day and time to time until discharged by me according to law. This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.

Witness my hand, this the ___17th___ day of ___March___, 2014.

*Reply to:*
*Records & Review*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182 / (903) 586-5901 FAX*



Notary Public in and For the State of Texas

Attorney requesting subpoena:
MARSHALL C. WOOD
NORTON & WOOD, L.L.P



BARBARA JEAN-MARIE DOTSON
MY COMMISSION EXPIRES
June 4, 2016



CAUSE NO. 11C 1804-102

FILED FOR RECORD
2014 FEB 26 PM 1:01
BILLY FOX
DISTRICT CLERK BOWIE CO. TX.
_____DEPUTY

| | | |
|---|---|---|
| THOMAS BULLOCK | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF BOWIE COUNTY, TX |
| | § | |
| ARTHUR CLEVELAND CASE | § | _____ JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO: James W. Litzler, LITZLER LAW OFFICE, 430 Church St., Sulphur Springs, TX 75783

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF EMPLOYMENT RECORDS FOR:

Priefert Logistics, 2630 South Jefferson Ave, Mount Pleasant, TX 75456-1540
Southern Refrigerated Transport Inc. 8055 Hwy 67 North, Texarkana, AR 71854

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY AND ALL EMPLOYMENT RECORDS*, BUT NOT LIMITED TO: Pre-employment records, payroll records, personnel records, applications for employment, disciplinary records, evaluation records, supervisor reports, W-2's, 1099 forms, employment contracts, independent contractor agreements, appointment logs, appointment books, wage records, time cards, claim file, disability applications, worker's compensation records, all group health insurance records, medical files, attendance records, office notes (handwritten or typed), any correspondence from other employers or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## THOMAS BULLOCK, DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
MARSHALL C. WOOD
NORTON & WOOD, L.L.P.
ATTORNEYS FOR DEFENDANT
STATE BAR NO. 00797690

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 24th day of February, 2014.

_____
RECORDS & REVIEW

cc: James W. Litzler

CAUSE NO. 11C 1804-102

| THOMAS BULLOCK | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF BOWIE COUNTY, TX |
| | § | |
| ARTHUR CLEVELAND CASE | § | _____ JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF EMPLOYMENT RECORDS FOR: SOUTHERN REFRIGERATED TRANSPORT, INC.

1. Please state your full name, occupation, and official title.
   Answer:_____

2. Are you the custodian of the employment records of **SOUTHERN REFRIGERATED TRANSPORT, INC.** or do you have authority to release these records?
   Answer:_____

3. Are you among those who have possession, custody, control of or access to any and all employment records pertaining to **THOMAS BULLOCK**?
   Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
   Answer:_____

5. Was it in the regular course of business of **SOUTHERN REFRIGERATED TRANSPORT, INC.** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
   Answer:_____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
   Answer:_____

7. Have you received a subpoena duces tecum (including this one) for any and all records pertaining to **THOMAS BULLOCK**?
   Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
   Answer:_____


_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.


_____
Notary Public In and for The State of_____

My Commission Expires:_____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204

Jacksonville, TX 75766

Phone: (903) 586-2182  Fax: (903) 586-5901



# DEPOSITION SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Medical Records for:
**Dr. Eldor Brish and/or ETMC First Physicians**
700 Olympic Plaza, Suite 850
Tyler, TX 75701

> **ANY & ALL**

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY & ALL MEDICAL RECORDS* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, color photographs, ER records, outpatient records, chiropractic records, physical therapy records, insurance treatment notes, insurance records, psychiatric records, counseling notes, prescriptions, pharmacy records, x-ray films, radiology reports, lab reports, narrative reports, rehabilitation notes, daily progress notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

**MURIEL ANN BEBEL, DOB:** _

This Subpoena is being issued at the instance of the Attorney for RES Energy Solutions, LLC and Margaret Lynn Kahn in that certain Cause No. 2014-404-CCL2 in the County Court at Law No. 2 of Gregg County, TX, styled

MURIEL BEBEL, et al vs RES ENERGY SOLUTIONS, LLC, et al

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the ___19th___ day of ___September___, 2014.

*Reply to:*
*Records & Review*
*190 County Road 4204*
*Jacksonville, TX 75766*
*(903) 586-2182 / (903) 586-5901 FAX*

Notary Public in and For the State of Texas



Attorney requesting subpoena:
MICHAEL L. DUNN
SMEAD, ANDERSON & DUNN

CAUSE NO. 2014-404-CCL2

| | | |
|---|---|---|
| MURIEL BEBEL, Individually and as Next Friend for CHRIS BEBEL, A Minor | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW #2 OF |
| RES ENERGY SOLUTIONS, LLC, MARGARET LYNN KAHN, and KEVTEX, INC., d/b/a EXPRESS EMPLOYMENT PROFESSIONALS | § § § § | GREGG COUNTY, TEXAS |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Jarom Tefteller, TEFTELLER LAW, 403 W. Tyler St., Gilmer, TX 75644
Brad Donnell, MCAFEE & TAFT, 211 N. Robinson, 2 Leadership Sq., 10th Floor, Oklahoma City, OK 73102
G.R. (Randy) Akin, ATTORNEY AT LAW, 3400 W. Marshall Ave., Suite 300, Longview, TX 75604

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF MEDICAL RECORDS FOR:

Dr. Eldor Brish and/or ETMC First Physicians, 700 Olympic Plaza, Suite 850, Tyler, TX  75701
Kroger Pharmacy, 1014 Vine St., Cincinnati, OH 45202

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY & ALL MEDICAL RECORDS* including, BUT NOT LIMITED TO: Patient information sheet, medical file, medical records, color photographs, ER records, outpatient records, chiropractic records, physical therapy records, insurance treatment notes, insurance records, psychiatric records, counseling notes, prescriptions, pharmacy records, x-ray films, radiology reports, lab reports, narrative reports, rehabilitation notes, daily progress notes, office notes (handwritten or typed), any correspondence from other doctors or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## MURIEL ANN BEBEL, DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
MICHAEL L. DUNN
SMEAD, ANDERSON & DUNN
ATTORNEYS FOR RES Energy Solutions, LLC and Margaret Lynn Kahn
STATE BAR NO. 06246900

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 29TH day of August, 2014

_____
RECORDS & REVIEW

cc:    Jarom Tefteller
Brad Donnell
G.R. (Randy) Akin

CAUSE NO. 2014-404-CCL2

| | | |
|---|---|---|
| MURIEL BEBEL, Individually and as Next Friend for CHRIS BEBEL, A Minor | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW #2 OF |
| RES ENERGY SOLUTIONS, LLC, MARGARET LYNN KAHN, and KEVTEX, INC., d/b/a EXPRESS EMPLOYMENT PROFESSIONALS | § § § § | GREGG COUNTY, TEXAS |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF MEDICAL RECORDS FOR: DR. ELDOR BRISH and/or ETMC FIRST PHYSICIANS

1. Please state your full name, occupation, and official title.
   Answer:_____

2. Are you the custodian of the medical records of **DR. ELDOR BRISH and/or ETMC FIRST PHYSICIANS** or do you have authority to release these records?
   Answer:_____

3. Are you among those who have possession, custody, control of or access to *(ANY & ALL)* medical records pertaining to **MURIEL BEBEL?**
   Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
   Answer:_____

5. Was it in the regular course of business of **DR. ELDOR BRISH and/or ETMC FIRST PHYSICIANS** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
   Answer:_____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
   Answer:_____

7. Have you received a subpoena duces tecum (including this one) for *(ANY & ALL)* medical records pertaining to **MURIEL BEBEL?**
   Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
   Answer:_____

_____
WITNESS (Custodian of Medical Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of_____

My Commission Expires:_____

Cause Number: 2014-404-CCL2

| | | |
|---|---|---|
| MURIEL BEBEL and | § | IN THE DISTRICT COURT OF |
| CHRIS BEBEL, As Next Friend for CB, | § | |
| a Minor, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| vs. | § | GREGG COUNTY, TEXAS |
| | § | |
| RES ENERGY SOLUTIONS, LLC, | § | |
| KEVTEX, INC D/B/A/ EXPRESS | § | |
| EMPLOYMENT PROFESSIONALS, | § | |
| MARGARET LYNN KAHN and | § | |
| GCIC, LLC D/B/A RES ENERGY | § | |
| SOLUTIONS, LLC | § | |
|     *Defendants.* | § | COUNTY COURT-AT-LAW #2 |

---

**CROSS-QUESTIONS TO BE PROPOUNDED TO THE**
**CUSTODIAN OF RECORDS**

---

**\*\* RESTRICT YOUR ANSWERS TO THE CROSS-QUESTIONS FROM THE DATE OF THE ACCIDENT, APRIL 3, 2012, THROUGH TODAY'S DATE.**


1.      Please state your full name, occupation, and business address for the record.

      _____

      _____


2.      As custodian of records or other authorized official, are you familiar with whether or not your regulations require that medical and billing records be kept on each person who is a patient?

      _____


3.      Do you have medical records and billing statements for services or treatment rendered to Muriel Bebel?

      _____


4.      Please state the full amount of charges for the treatment or services rendered to Muriel Bebel.

      _____


1

5.    Are you familiar with charges for the same or similar type of services in this vicinity?

_____

6.    Are such charges reasonable for the same or similar type of services in the vicinity in which they were incurred.

_____

7.    Were the services and treatment rendered to Patient reasonably necessary for the proper care and treatment of said patient.

_____

8.    Were these records made and kept in the regular course of business of the medical provider you are employed at?

_____

9.    Are the records kept under your care, custody, and/or supervision?

_____

10.   Were the entries in the billing records made on or near the time of the act, event, or condition recorded in the patient's chart?

_____

11.   Were the billing records inquired about above made by the doctor, nurse, therapist, or other members of the staff of your employer?

_____

12.   Were these records kept in the administrative procedure of your employer?

_____

13.   Did you maintain such bills transmitted to your files and thereafter as custodian of the billing records for your employer?

_____

2

14.    Do you understand the attached subpoena asks that you produce any and all billing records in your possession pertaining to Muriel Bebel?

_____

15.    Have you provided the original and/or a true and correct copy of each and every requested document you possess pertaining to Muriel Bebel?

_____

16.    If you withheld any documents pertaining to Muriel Bebel, please identify such document(s) and the reason for withholding it.

_____

_____

17.    Please state, upon review of the records responsive to the subpoena, the total amount charged to Muriel Bebel before any discounts are applied.

_____

18.    Please state, upon review of the records responsive to the subpoena, the total amount **PAID** to Provider for the treatment provided to Muriel Bebel.

_____

19.    Please state, upon review of the records responsive to the subpoena, the full amount of charges and expenses **INCURRED BUT STILL NOT PAID** to your employer for services and treatment provided to Muriel Bebel.

_____

20.    Combining the amounts from questions 18 and 19 above, please provide the total amount of charges your employer is legally entitled to be paid.

_____

_____
Signature of Custodian

3

STATE OF _____ )

COUNTY OF _____ )

      I, the undersigned Notary Public, do hereby certify that the foregoing answers of the witness were made before me and were sworn to and subscribed before me by the witness; GIVEN UNDER MY HAND AND SEAL OF OFFICE on this _____ day of _____, 2014.


                                          _____

                                          Notary Public State of _____

4

# Texas Administrative Code

TITLE 22      EXAMINING BOARDS
PART 9      TEXAS MEDICAL BOARD
CHAPTER 165    MEDICAL RECORDS
RULE §165.2    Medical Record Release and Charges

(a) **Release of Records Pursuant to Written Request**. As required by the Medical Practice Act, §159.006, a physician shall furnish copies of medical and/or billing records requested or a summary or narrative of the records pursuant to a written release of the information as provided by the Medical Practice Act, §159.005, except if the physician determines that access to the information would be harmful to the physical, mental, or emotional health of the patient. The physician may delete confidential information about another patient or family member of the patient who has not consented to the release. If requested, the physician shall provide the requested records in electronic format, if such records are readily producible. If the requested records are not readily producible in a readable electronic format, the records shall be produced in a format as agreed to by the physician and the requestor. If by the nature of the physician's practice, the physician transmits health information in electronic form, the physician may be subject to the Health Insurance Portability and Accountability Act (HIPAA) 45 C.F.R. Parts 160-164. Unless otherwise provided under HIPAA, physicians subject to HIPAA must permit the patient or an authorized representative access to inspect medical and/or billing records and may not provide summaries in lieu of actual copies unless the patient authorizes the summary and related charges.

(b) **Deadline for Release of Records. The requested copies of medical and/or billing records or a summary or narrative of the records shall be furnished by the physician within 15 business days after the date of receipt of the request and reasonable fees for furnishing the information.**

(c) **Denial of Requests for Records**. If the physician denies the request for copies of medical and/or billing records or a summary or narrative of the records, either in whole or in part, the physician shall furnish the patient a written statement, signed and dated, within 15 business days of receipt of the request stating the reason for the denial and how the patient can file a complaint with the federal Department of Health and Human Services (if the physician is subject to HIPAA) and the Texas Medical Board. A copy of the statement denying the request shall be placed in the patient's medical and/or billing records as appropriate.

(d) **Contents of Records**. For purposes of this section, "medical records" shall include those records as defined in §165.1(a) of this title (relating to Medical Records) and shall include copies of medical records of other health care practitioners contained in the records of the physician to whom a request for release of records has been made.

(e) **Allowable Charges**.

(1) **Paper Format**. (A) The physician responding to a request for such information in paper format shall be entitled to receive a reasonable, cost-based fee for providing the requested information. (B) A reasonable fee for providing the requested records in paper format shall be a charge of no more than $25 for the first twenty pages and $.50 per page for every copy thereafter.

(2) **Electronic Format**. (A) The physician responding to a request for such information to be provided in electronic format shall be entitled to receive a reasonable, cost-based fee for providing the requested information in electronic format. (B) A reasonable fee for providing the requested records in electronic format shall be a charge of no more than: $25 for 500 pages or less; $50 for more than 500 pages.

(3) **Hybrid Records Format**. (A) The physician responding to a request for such information that is contained partially in electronic format and partially in paper format ("hybrid"), may provide the requested information in a hybrid format and shall be entitled to receive a reasonable, cost based fee for providing the requested information. (B) A reasonable fee for providing the requested records in a hybrid format may be a combination of the fees as set forth in paragraphs (1) and

(2) of this subsection.

(4) **Other Charges**. (A) If an affidavit is requested, certifying that the information is a true and correct copy of the records, whether in paper, electronic or hybrid format, a reasonable fee of up to $15 may be charged for executing the affidavit. (B) A physician may charge separate fees for medical and billing records requested. (C) Allowable charges for copies of diagnostic imaging studies are set forth in §165.3 of this title (relating to Patient Access to Diagnostic Imaging Studies in Physician's Office) and are separate from the charges set forth in this section.

(5) A **reasonable fee** for records provided in a paper, electronic or hybrid format may not include costs associated with searching for and retrieving the requested information, and shall include only the cost of: (A) copying and labor, including, compiling, extracting, scanning, burning onto media, and distributing media; (B) cost of supplies for creating the paper copy or electronic media (if the individual requests portable media) that are not prohibited by federal law; (C) postage, when the individual has requested the copy or summary be mailed; and (D) preparing a summary of the records when appropriate.

(f) **Emergency Requests**. The physician providing copies of requested medical and/or billing records or a summary or a narrative of such records shall be entitled to payment of a reasonable fee prior to release of the information unless the information is requested by a licensed Texas health care provider or a physician licensed by any state, territory, or insular possession of the United States or any State or province of Canada if requested for purposes of emergency or acute medical care.

(g) **Non-emergent Requests**. In the event the physician receives a proper request for copies of medical and/or billing records or a summary or narrative of the records for purposes other than for emergency or acute medical care, the physician may retain the requested information until payment is received. If payment is not routed with such a request, within ten calendar days from receiving a request for the release of such records, the physician shall notify the requesting party in writing of the need for payment and may withhold the information until payment of a reasonable fee is received. A copy of the letter regarding the need for payment shall be made part of the patient's medical and/or billing record as appropriate.

(h) **Improper Withholding for Past Due Accounts**. Medical and/or billing records requested pursuant to a proper request for release may not be withheld from the patient, the patient's authorized agent, or the patient's designated recipient for such records based on a past due account for medical care or treatment previously rendered to the patient.

(i) **Subpoena Not Required**. A subpoena shall not be required for the release of medical and/or billing records requested pursuant to a proper release for records under this section and the Medical Practice Act, §159.006, made by a patient or by the patient's guardian or other representative duly authorized to obtain such records.

(j) **Billing Record Requests**. In response to a proper request for release of medical records, a physician shall not be required to provide copies of billing records pertaining to medical treatment of a patient unless specifically requested pursuant to the request for release of medical records.

(k) **Prohibited Fees for Records Released Related to Disability Claims**. The allowable charges as set forth in this chapter shall be maximum amounts, and this chapter shall be construed and applied so as to be consistent with lower fees or the prohibition or absence of such fees as required by state statute or prevailing federal law. In particular, under §161.202 of the Texas Health and Safety Code, a physician may not charge a fee for a medical or mental health record requested by a patient, former patient or authorized representative of the patient if the request is related to a benefits or assistance claim based on the patient's disability.

(l) **Applicable Federal Law**. Whenever federal law or applicable federal regulations affecting the release of patient information are inconsistent with provisions of this section, the provisions of federal law or federal regulations shall be controlling, unless the state law is more restrictive/stringent. Physicians are responsible for ensuring that they are in compliance with federal law and regulations including the Health Insurance Portability and Accountability Act (HIPAA) 45 C.F.R. Parts 160-164.

Source Note: The provisions of this §165.2 adopted to be effective December 29, 1997, 22 TexReg 12490; amended to be effective May 21, 2000, 25 TexReg 4349; amended to be effective November 19, 2000, 25 TexReg 11282; amended to be effective September 19, 2002, 27 TexReg 8769; amended to be effective March 4, 2004, 29 TexReg 1946; amended to be effective January 20, 2014, 39 TexReg 273

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204

Jacksonville, TX 75766

Phone: (903) 586-2182  Fax: (903) 586-5901

 

# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Billing for
**Navarro Regional Hospital**
3201 W. Hwy. 22
Corsicana, TX 75110

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying ***THE FOLLOWING BILLING BEGINNING 03/07/12 TO PRESENT*** including, BUT NOT LIMITED TO: itemized billing statements, all billing reflecting reductions or discounts made by Carmen Sardina's healthcare providers pursuant to agreements with Medicare, Medicaid or any health insurance provider for the period March 7, 2012 to date, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

**CARMEN L. (MARQUEZ, SOLIS) SARDINA; DOB:** ___ **SS#:**

This Subpoena is being issued at the instance of the Attorneys for Shelly Alejandre in that certain Cause No. C14-23032-CV in the County Court at Law of Navarro County, TX, styled

## CARMEN SARDINA VS. SHELLY ALEJANDRE and CHARLOTTE CALLAWAY

and there remain from day to day and time to time until discharged by me according to law. <u>This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.</u>

Witness my hand, this the 16th day of July ___, 2014.

Reply to:
**Records & Review**
**190 County Road 4204**
**Jacksonville, TX 75766**
**(903) 586-2182**
<u>**(903) 586-5901 FAX**</u>

Notary Public in and For the State of Texas



Attorney requesting subpoena:
PETER J. RUTTER
RUTTER LAW FIRM

| | | |
|---|---|---|
| CARMEN SARDINA | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW OF |
| | § | |
| SHELLY ALEJANDRE and | § | |
| CHARLOTTE CALLAWAY | § | NAVARRO COUNTY, TEXAS |

### NOTICE OF INTENTION TO TAKE
### DEPOSITION BY WRITTEN QUESTIONS

TO:     Geoffrey E. Schorr, SCHORR LAW FIRM, P.C., 328 W. Interstate 30, Suite 2, Garland, TX 75043

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF BILLING FOR:

Navarro Regional Hospital, 3201 W. Hwy. 22, Corsicana, TX 75110
American Imaging, Inc., 127 NW 13th St., Suite C13, Boca Raton, Fl 33432
Dallas Wellness Center at Blue Lake, 4141 Blue Lake Circle, Ste. 200, Dallas, TX 75244
DFW Prescriptions, 2701 Osler Drive, Ste. 1, Grand Prairie, TX 75051
Ennis Chiropractic & Wellness, 109 NW Main St., Ennis, TX 75119
Dr. James Laughlin, 651 S Great Southwest Pkwy, Grand Prairie, TX 75051
Medical and Surgical Associates of Corsicana, 3500 W. 7th Ave., Corsicana, TX 75110
Navarro Emergency Physicians, PO Box 731926, Dallas, TX 75373
National Radiology Group, P.O. Box 2787, Columbus, Ga 31902
Prime Diagnostic Imaging, 9603 White Rock Trail #110, Dallas, TX 75032

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING BILLING BEGINNING 03/07/12 TO PRESENT* including, BUT NOT LIMITED TO: itemized billing statements, all billing reflecting reductions or discounts made by Carmen Sardina's healthcare providers pursuant to agreements with Medicare, Medicaid or any health insurance provider for the period March 7, 2012 to date, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

### CARMEN L. (MARQUEZ, SOLIS) SARDINA; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
Peter J. Rutter
RUTTER LAW FIRM, P.C.
ATTORNEYS FOR Shelly Alejandre
STATE BAR NO. 00791586

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 26TH day of June, 2014.

RECORDS & REVIEW

cc:     Geoffrey E. Schorr

CAUSE NO. C14-23032-CV

| CARMEN SARDINA | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW OF |
| | § | |
| SHELLY ALEJANDRE and | § | |
| CHARLOTTE CALLAWAY | § | NAVARRO COUNTY, TEXAS |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF BILLING FOR: <u>NAVARRO REGIONAL HOSPITAL</u>

1.  Please state your full name, occupation, and official title.

    Answer:_____

2.  Are you the custodian of the billing of **NAVARRO REGIONAL HOSPITAL** or do you have authority to release these records?

    Answer:_____

3.  Are you among those who have possession, custody, control of or access to billing *(BEGINNING 03/07/12 TO PRESENT)* pertaining to CARMEN SARDINA?

    Answer:_____

4.  Are the aforementioned records kept in the regular course of business of your employer?

    Answer:_____

5.  Was it in the regular course of business of **NAVARRO REGIONAL HOSPITAL** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?

    Answer:_____

6.  Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.

    Answer:_____

7.  Have you received a subpoena duces tecum (including this one) for the billing *(BEGINNING 03/07/12 TO PRESENT)* pertaining to CARMEN SARDINA?

    Answer:_____

8.  Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?

    Answer:_____

9.  Have any of the charges in questions been paid?

    Answer:_____

10. If any such charges have been paid, please state the following:

    a. Who paid the charges; and _____

    _____

    b. The amount paid by each such person or entity making any such payment of the charge. _____

    _____

11. Has any portion of the charges been adjusted down?

    Answer:_____

12. If any of the charges have been adjusted down, please state the amount of the adjustment.

    Answer:_____

13. Has any portion of the charges been written off?

    Answer:_____

14. If any of the charges have been written off, state the amount written off.

    Answer:_____

15. What is the current balance of the charges?

    Answer:_____


_____

WITNESS (Custodian of Billing)


Sworn to and subscribed before me on the _____ day of _____, 2014.


_____

Notary Public In and for The State of _____

My Commission Expires: _____

CAUSE NO. <u>C14-23032-CV</u>

| | | |
|---|---|---|
| CARMEN SARDINA | § | IN THE COUNTY COURT AT LAW |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| SHELLY ALEJANDRE and | § | |
| CHARLOTTE CALLAWAY | § | |
| | § | |
| *Defendants.* | § | OF NAVARRO COUNTY, TEXAS |

## CROSS QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR: NAVARRO REGIONAL HOSPITAL (BILLING)

COMES NOW CARMEN SARDINA, Plaintiff herein, and submits the following cross questions to the records custodian for NAVARRO REGIONAL HOSPITAL (BILLING):

1.  Please state your full name, address, telephone number, occupation and title.

    ANSWER: _____

2.  Have you been served with a subpoena duces tecum for the production of all records and other documents pertaining to CARMEN SARDINA?

    ANSWER: _____

3.  Are you the custodian of the records that you have produced?

    ANSWER: _____

4.  Are the records that you have produced kept by your employer in the regular course of business?

    ANSWER: _____

5.  Was it the regular course of business for an employee or representative, with personal knowledge of the act, event or condition recorded to make the memorandum or record or to transmit information to be included in the memorandum of record?

ANSWER: _____

6. Was the memorandum or record made at or near the time of the act, event, condition, opinion or diagnosis recorded or reasonably soon thereafter?

ANSWER: _____

7. Are the records that you have produced and attached hereto, duplicate copies of the original?

ANSWER: _____

8. Is it a rule of your employer to not permit the originals to leave the premises?

ANSWER: _____

9. Do you have an itemized statement of the services and/or supplies and/or prescription drugs that shows the amount of charges made by your employer for the services, supplies and/or prescription drugs provided to or for CARMEN SARDINA? If so, please hand a copy of the itemized statement to the person who is taking your deposition by written question who is asked to mark the statement as an exhibit to your deposition. Have you done as requested? If not, why not?

ANSWER: _____

10. Are you a person in charge of billing records of your employer?

ANSWER: _____

11. Is the itemized statement a record kept by you in the regular course of business of your employer?

ANSWER: _____

12. Was the information contained in the itemized statement transmitted to you in the regular course of business of your employer or an employee or representative of your employer who had personal knowledge of the information?

ANSWER: _____

13. Was the itemized statement made at or near the time that the services, supplies and/or prescription drugs were supplied?

ANSWER: _____

14. Was it in the regular course of business of NAVARRO REGIONAL HOSPITAL (BILLING) for an employee with personal knowledge of the acts, events, condition, diagnoses, or consultations recorded to make these bills and then transmit this information directly over to the patient's account where it is maintained and kept until billing?

ANSWER: _____

15. What is the total amount of charges for the services rendered to the patient?

ANSWER: _____

16. Does the source of the information and the method and circumstance of its preparation establish the trustworthiness of the records?

ANSWER: _____

_____
Signature (Custodian of Records)

THE STATE OF _____ §

COUNTY OF _____ §

      SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, by the said witness, _____, Custodian of Records for **NAVARRO REGIONAL HOSPITAL (BILLING)** being duly sworn, acknowledged to me that the answers to the foregoing questions are true and correct as stated. The records attached hereto are exact duplicates of the original records.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE** on this the _____ day of _____, 20____.

_____
Notary Public in and for the
State of _____ County of _____
Printed Name of Notary:

_____
My Commission Expires:

CAUSE NO. C14-23032-CV

| | | |
|---|---|---|
| CARMEN SARDINA | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW OF |
| | § | |
| SHELLY ALEJANDRE and | § | |
| CHARLOTTE CALLAWAY | § | NAVARRO COUNTY, TEXAS |

## RE- DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF BILLING FOR: NAVARRO REGIONAL HOSPITAL

1.    Describe your educational background including all college degrees.

Answer: _____

2.    List all professional licenses (e.g., medical or nursing) you have obtained, including the date the license was issued and the state issuing the license.

Answer: _____

3.    If you have testified the charges for the service described in the records you have produced pertaining to **CARMEN SARDINA** were reasonable, are you qualified to give an expert opinion on the reasonableness of the charges of services rendered by your office?

Answer: _____

4.    If you have testified the charges for the service described in the records you have produced pertaining to **CARMEN SARDINA** were reasonable, state your qualifications for offering this opinion.

Answer: _____

5.    If you have testified the charges for the services described in the records you have produced pertaining to **CARMEN SARDINA** were reasonable, at the time and place that the services were provided, are you qualified to give an expert opinion on the reasonableness of the charges of services rendered by your office?

Answer: _____

6.    If you have testified the charges for the service described in the records you have produced pertaining to **CARMEN SARDINA** were reasonable at the time and place that the service were provided, please state your qualifications for offering this opinion.

Answer: _____

7.    Was the treatment or service rendered by this health care provider to **CARMEN SARDINA** necessary?

Answer: _____

8.  If you have testified that any treatment or service rendered to **CARMEN SARDINA** was "necessary," are you qualified to give an expert opinion on the necessity of any treatment or service rendered to **CARMEN SARDINA** ?

    Answer:_____

9.  If you have testified that any treatment or service rendered to **CARMEN SARDINA** was "necessary," state your qualifications for offering this opinion.

    Answer:_____

10. Are you aware of any prior accidents or pre-existing medical conditions suffered by **CARMEN SARDINA?**

    Answer:_____

11. In relation to question 10 above, have you considered whether or not those prior accidents or pre-existing conditions in any way contributed to the medical care given to **CARMEN SARDINA** by your offices?

    Answer:_____

12. If the answer to the previous question is in the affirmative, please state what records or other documentation you have reviewed or any person with whom you have spoken concerning the pre-existing conditions or prior accidents **CARMEN SARDINA** has been involved in to render such an opinion.

    Answer: _____


                                    _____
                                    WITNESS (Custodian of Billing)


I, _____, a Notary Public in and for the State of _____ do hereby certify that the foregoing answers of the witness were made by the said witness and sworn to and subscribed before me. The records attached hereto are exact duplicates of the original records.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the _____ day of _____, 2014.


                                    _____
                                    Notary Public in and for The State of _____

                                    My Commission Expires:_____

# BILLING AFFIDAVIT OF RECORDS CUSTODIAN OF

_____

STATE OF TEXAS                          §
                                        §
COUNTY OF _____                     §

**Records pertaining to: Carmen Sardina**

   Before me, the undersigned authority, personally appeared _____, who, being by me duly sworn, deposed as follows:

   My name is _____. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

   I am a custodian of records for _____. Attached to this affidavit are records that provided an itemized statement of the service and the charge for the service that _____ provided to _____ on _____. The attached records are a part of this affidavit.

   The attached records are kept by _____ in the regular course of business, and it was the regular course of business of _____ for an employee or representative of _____, with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

   The services provided were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.

   The total amount paid for the services was $_____ and the amount currently unpaid but which _____ has a right to be paid after any adjustments or credits is $_____.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the _____ day of _____, 20____

Notary Printed Name: _____        My Commission Expires: _____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901



# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Employment Records for
**Aramark Campus LLC**
Via Fax: 215-238-3282

to be and appear before a Notary Public of my designation for

Records & Review
190 County Road 4204
Jacksonville, TX 75766

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY AND ALL EMPLOYMENT RECORDS* including, BUT NOT LIMITED TO: Pre-employment records, payroll records, personnel records, applications for employment, disciplinary records, evaluation records, supervisor reports, W-2's, employment contracts, independent contractor agreements, appointment logs, appointment books, wage records, time cards, claim file, disability applications, worker's compensation records, all group health insurance records, medical files, attendance records, office notes (handwritten or typed), any correspondence from other employers or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

**LYNDELL MOSBY; DOB:** ........_, S#: ╵

This Subpoena is being issued at the instance of the Plaintiff in that certain Cause No. CV-1313251 in the County Court At Law of Nacogdoches County, Texas, styled

## LYNDELL MOSBY VS. ALLSTATE COUNTY MUTUAL INSURANCE CO.

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P.. and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the ___16th___ day of ___July___, 2014.

Reply to:
Records & Review
190 County Road 4204
Jacksonville, TX 75766
*(903) 586-2182 / (903) 586-5901 FAX*

_____
Notary Public in and For the State of Texas



Attorney requesting subpoena:
JEFF B. BADDERS
BADDER LAW FIRM

CAUSE NO. CV-13113251

LYNDELL MOSBY                                        §          IN THE DISTRICT COURT OF

VS.                                                 §
                                                    §          HARRISON COUNTY, TX
                                                    §
ALLSTATE COUNTY MUTUAL INSURANCE CO.                §          71ST JUDICIAL DISTRICT

FILED
NACOGDOCHES COUNTY
TEXAS
2014 JUL -3 AM 11:21
Carol
COUNTY CLERK

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    Kelly B. Lea, WILSON, ROBERTSON & CORNELIUS, 909 ESE Loop 323, Suite 400, Tyler, TX 75701

**PLEASE TAKE NOTICE** that after twenty (20) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF EMPLOYMENT RECORDS FOR:

Aramark Campus, LLC, PO Box 8118, Philadelphia, PA 19101

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *ANY AND ALL EMPLOYMENT RECORDS* including, BUT NOT LIMITED TO: Pre-employment records, payroll records, personnel records, applications for employment, disciplinary records, evaluation records, supervisor reports, W-2's, employment contracts, independent contractor agreements, appointment logs, appointment books, wage records, time cards, claim file, disability applications, worker's compensation records, all group health insurance records, medical files, attendance records, office notes (handwritten or typed), any correspondence from other employers or attorneys, and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## LYNDELL MOSBY; DOB:

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
JEFF B. BADDERS
BADDERS LAW FIRM
ATTORNEYS FOR PLAINTIFF
STATE BAR NO. 01496850

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage prepaid, hand delivered or by telephonic document transfer, on this the 27TH day of June, 2014.

_____
RECORDS & REVIEW

cc:    Kelly B. Lea

CAUSE NO. CV-1313251

| LYNDELL MOSBY | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW OF |
| | § | |
| ALLSTATE COUNTY MUTUAL INSURANCE CO. | § | NACOGDOCHES COUNTY, TX |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF EMPLOYMENT RECORDS FOR: ARAMARK CAMPUS LLC

1. Please state your full name, occupation, and official title.
   Answer:_____

2. Are you the custodian of the employment records of **ARAMARK CAMPUS LLC** or do you have authority to release these records?
   Answer:_____

3. Are you among those who have possession, custody, control of or access to all employment records pertaining to **LYNDELL MOSBY**?
   Answer:_____

4. Are the aforementioned records kept in the regular course of business of your employer?
   Answer:_____

5. Was it in the regular course of business of **ARAMARK CAMPUS LLC** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
   Answer:_____

6. Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
   Answer:_____

7. Have you received a subpoena duces tecum (including this one) for records pertaining to **LYNDELL MOSBY**?
   Answer:_____

8. Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
   Answer:_____

_____
WITNESS (Custodian of Records)


Sworn to and subscribed before me on the _____ day of _____, 2014.




_____
Notary Public In and for The State of _____

My Commission Expires:_____

CAUSE NO. CV-1313251

| LYNDELL MOSBY | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| VS. | § | AT LAW OF |
| | § | |
| ALLSTATE COUNTY MUTUAL INSURANCE CO. | § | NACOGDOCHES COUNTY, TX |

**RECORDS AFFIDAVIT**

STATE OF _____

COUNTY OF _____

Before me, the undersigned authority, personally appeared _____, who, being by me duly sworn, deposed as follows:

My name is _____. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of records for **ARAMARK CAMPUS LLC**. Attached hereto are _____ pages and _____ CD/DVD(s) of records from **ARAMARK CAMPUS LLC** concerning **LYNDELL MOSBY**. These said _____ pages and _____ CD/DVD(s) of records are kept by **ARAMARK CAMPUS LLC** in the regular course of business, and it was the regular course of business of **ARAMARK CAMPUS LLC** for an employee or representative of **ARAMARK CAMPUS LLC**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_____
AFFIANT

SUBSCRIBED AND SWORN TO before me this the _____ day of _____, 2014.

_____
Notary Public in and for the State of _____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS. See #4.**

1. **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2. **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian. **PLEASE PRINT YOUR NAME CLEARLY.**

3. Please READ and ANSWER each question, and SIGN on the Witness/Affiant line. **Your signature must be notarized.** The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4. **WHITE OUT IS NOT allowed** on legal documents. It renders the document inadmissible in court. If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901

# DEPOSITION SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE, OR ANY OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS UNDER RULE 176 T.R.C.P.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON the following witnesses:

Custodian of Records for:

**Wells Fargo Bank**          Acct#:

4150 Mockingbird Lane

Dallas, TX 75205

to be and appear before a Notary Public of my designation for

Records & Review

190 County Road 4204

Jacksonville, TX 75766

on the forthwith day instanter at the office of the custodian or other agreed upon time and/or place and there to make answers under oath of certain written questions to be propounded to the custodian of records. The witness is to bring and produce for inspection and photocopying ***THE FOLLOWING RECORDS BEGINNING JANUARY 1, 2012 THROUGH PRESENT MAINTAINED WITH YOUR FINANCIAL INSTITUTION PERTAINING TO CURTIS REASON ENOS, JR., GLENNA ENOS, ENOS TRUCKING CO., ATTORNEY-CLIENT, JACK N. BARBEE ATTORNEY-TTE, d/b/a JACK N. BARBEE*** including, BUT NOT LIMITED TO: 1) Copies of all signature cards, deposit-box rental agreements, deposit-box entry records, and records of assets in safekeeping in the name of Curtis Reason Enos, Jr., Glenna Enos, and Enos Trucking Co., on which Curtis Enos or Glenna Enos had or has signatory authority for the period of January 1, 2012 to present; and 2) Copies of all bank statements, deposit records, withdrawal records, transfer records, and cancelled checks for all checking accounts, savings accounts, certificates of deposit, and any other types of accounts maintained in the name of Curtis Reason Enos, Jr., Glenna Enos, and Enos Trucking Co. On which Curtis Enos or Glenna Enos had or has the right to withdraw for the period from January 1, 2012 to present; and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## CURTIS REASON ENOS, JR., GLENNA ENOS, ENOS TRUCKING CO., ATTORNEY-CLIENT, JACK N. BARBEE ATTORNEY-TTE, d/b/a JACK N. BARBEE

This Subpoena is being issued at the instance of the Attorney for Jennifer Gribble in that certain Cause No. 09269 in the County Court at Law of Houston County, Texas.

IN THE ESTATE OF CURTIS REASON ENOS, JR., DECEASED

and there remain from day to day and time to time until discharged by me according to law. **This subpoena is issued in accordance to Rule 176, T.R.C.P., and falls under exception to confidentiality, Rule 509(e)(4). Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both.**

Witness my hand, this the 25th day of June , 2014.

Reply to:

**Records & Review**

**190 County Road 4204**

**Jacksonville, TX 75766**

(903) 586-2182 / Fax (903) 586-5901

Attorney requesting subpoena:

JIM PARSONS

LAW OFFICES OF JIM PARSONS

_Barbara Dotson_

Notary Public In and For the State of Texas

BARBARA JEAN-MARIE DOTSON
MY COMMISSION EXPIRES
June 4, 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Officer's Return

CAME TO HAND ON THE _____ day of _____, 2014, and executed same by delivering this subpoena to the witness named, _____, on the _____ day of _____, 2014, accepting the tender of all legal fees.

By: _____

CAUSE NO. 09269

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CURTIS REASON ENOS, JR. | § | AT LAW OF |
| | § | |
| DECEASED | § | HOUSTON COUNTY, TEXAS |

## NOTICE OF INTENTION TO TAKE
## DEPOSITION BY WRITTEN QUESTIONS

TO:    William R. Pemberton, ATTORNEY AT LAW, 306 N. 7th Street, Crockett, TX 75835
        Lynn E. Markham, ATTORNEY AT LAW, 608 E. Houston Ave., Crockett, TX 75835

**PLEASE TAKE NOTICE** that after twenty-four (24) days from the service of a copy hereof, and of the attached questions, a deposition by written questions will be taken of the CUSTODIAN(S) OF RECORDS FOR:

Citizens National Bank f/k/a East Texas National Bank, Attn: Betty Germany, 207 W. Spring St., Palestine, TX 75801
Citizens National Bank, 1320 Texas 304 Loop, Crockett, TX 75835
Crockett Bank, 617 E. Houston Ave., Crockett, TX 75835
First Community Bank, 415 E. Goliad Ave., Crockett, TX 75835
Grapeland State Bank, 122 Main St., Grapeland, TX 75844
Lovelady State Bank, 910 S. Commerce St., Lovelady, TX 75851
Southland Federal Credit Union, 2601 S. John Redditt Dr., Lufkin, TX 75904
Corporation Service Co.; Reg. Agent for Wells Fargo Bank, 211 East 7th St., Ste 620, Austin, TX 78701 (ACCT#: 7117814850)

before a Notary Public or an authorized officer for **RECORDS & REVIEW**, 190 County Road 4204, Jacksonville, TX, 75766. Which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court.

Notice is further given that request is hereby made as authorized under the Texas Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce for inspection and photocopying *THE FOLLOWING RECORDS BEGINNING JANUARY 1, 2012 THROUGH PRESENT MAINTAINED WITH YOUR FINANCIAL INSTITUTION PERTAINING TO CURTIS REASON ENOS, JR., GLENNA ENOS, AND ENOS TRUCKING CO.* including, BUT NOT LIMITED TO: 1) Copies of all signature cards, deposit-box rental agreements, deposit-box entry records, and records of assets in safekeeping in the name of Curtis Reason Enos, Jr., Glenna Enos, and Enos Trucking Co., on which Curtis Enos or Glenna Enos had or has signatory authority for the period of January 1, 2012 to present; and 2) Copies of all bank statements, deposit records, withdrawal records, transfer records, and cancelled checks for all checking accounts, savings accounts, certificates of deposit, and any other types of accounts maintained in the name of Curtis Reason Enos, Jr., Glenna Enos, and Enos Trucking Co. On which Curtis Enos or Glenna Enos had or has the right to withdraw for the period from January 1, 2012 to present; and anything else reduced to writing in the possession, custody or control of the said witness pertaining to:

## CURTIS REASON ENOS, JR., GLENNA ENOS, and/or ENOS TRUCKING CO.

and turn all such records over to the Notary Public authorized to take this deposition for inspection and photocopying of the same may be made and attached to said deposition.

Respectfully submitted,
JIM PARSONS
LAW OFFICES OF JIM PARSONS
ATTORNEY FOR Jennifer Gribble
STATE BAR NO. 00000065

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition by Written Questions has been delivered to the individuals listed below, by certified mail, postage-prepaid, hand delivered or by telephonic document transfer, on this the 13th day of May, 2014

RECORDS & REVIEW

cc:    William R. Pemberton
        Lynn E. Markham

CAUSE NO. 09269

IN THE ESTATE OF       §   IN THE COUNTY COURT

§

CURTIS REASON ENOS, JR.    §   AT LAW OF

§

DECEASED         §   HOUSTON COUNTY, TEXAS

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR: WELLS FARGO BANK

1.   Please state your full name, occupation, and official title.
Answer:_____

2.   Are you the custodian of the records of **WELLS FARGO BANK** or do you have authority to release these records?
Answer:_____

3.   Are you among those who have possession, custody, control of or access to records pertaining to **THOSE ITEMS LISTED ON THE NOTICE?**
Answer:_____

4.   Are the aforementioned records kept in the regular course of business of your employer?
Answer:_____

5.   Was it in the regular course of business of **WELLS FARGO BANK** for a person with personal knowledge of the act, event, condition or opinion recorded to make the record or to transmit information thereof to be included in such record?
Answer:_____

6:   Please state whether these records were made at the time or shortly after the time of the transaction or service recorded.
Answer:_____

7.   Have you received a subpoena duces tecum (including this one) for records pertaining to **THOSE ITEMS LISTED ON THE NOTICE?**
Answer:_____

8.   Please release exact duplicates of the records as requested on the deposition subpoena, or the originals thereof, for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
Answer:_____

_____
WITNESS (Custodian of Records)

Sworn to and subscribed before me on the _____ day of _____, 2014.

_____
Notary Public In and for The State of_____

My Commission Expires:_____

CAUSE NO. 09269

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CURTIS REASON ENOS, JR. | § | AT LAW OF |
| | § | |
| DECEASED | § | HOUSTON COUNTY, TEXAS |

## AFFIDAVIT

STATE OF _____

COUNTY OF _____

Before me, the undersigned authority, personally appeared _____ _____, who, being by me duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the CUSTODIAN OF RECORDS for WELLS FARGO BANK

Attached hereto are \_\_\_\_\_ pages and \_\_\_\_\_ CD/DVD(s) of records concerning **CURTIS ENOS, JR.** These said records are kept in the regular course of business at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, representative, or a doctor, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum or record, or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter.

The records attached hereto are the originals or exact copies of the originals and nothing has been removed or deleted from the original file before making these copies.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me on the \_\_\_\_\_ day of _____, 2014.

_____
Notary Public in and for the State of _____

# INSTRUCTIONS
## FOR COMPLETING REQUEST

---

**IF THERE ARE LEGALS WITH THIS REQUEST DO NOT USE WHITE OUT TO CORRECT ANY ERRORS.  See #4.**

---

1.  **IF** the **TOTAL COST OF PROCESSING** this request exceeds $75.00, please call our office **BEFORE** processing them for attorney approval.

2.  **IF** the request includes any legal documents, the legal documents are to be completed by the Custodian.  **PLEASE PRINT YOUR NAME CLEARLY.**

3.  Please READ and ANSWER each question, and SIGN on the Witness/Affiant line.  **Your signature must be notarized.**  The NOTARY must SIGN on the notary line as well as provide the notary **SEAL** to the **LEFT** of the signature.

4.  **WHITE OUT IS NOT allowed** on legal documents.  It renders the document inadmissible in court.  If you happen to make a mistake on the legals, please call and we will send you another one, or we can assist you in making a correction.

## PLEASE MAIL TO
## RECORDS & REVIEW
190 County Road 4204
Jacksonville, TX 75766
Phone: (903) 586-2182  Fax: (903) 586-5901